## George W. Neville et al. v. R. B. Mitchell.

Decided January 25, 1902.

**1.—Nuisance—Damages—Injury to Wife.**

Where there is injury to the wife resulting from a nuisance, the husband can recover damages for loss of the society and comfort of his wife caused thereby.

**2.—Same—Medical Expenses—Pleading.**

Where plaintiff seeks to recover for medical expenses for his wife and his children, made sick by a nuisance, his pleading should allege the sums expended for each, and that such expenses were reasonable and necessary.

**3.—Pleading and Proof—Demurrer—Harmless Error.**

Where a special answer pleads matters provable under a general denial, and proof of such matters is received, error in sustaining a demurrer to such special answer is harmless.

**4.—Nuisance—Sickness—Charge.**

Where there was evidence that the sickness of plaintiff's wife was not caused, but only prolonged, by the nuisance, the charge should have clearly instructed that plaintiff was not entitled to damages for the entire sickness, but only for such continuance of it.

**5.—Same—Conduct of a Lawful Business.**

Where a person, though engaged in a lawful business, so uses his property or conducts the business as to prejudice the rights of another in an essential degree, he becomes liable to the party injured.

**6.—Same—Independent Causes—Separate Liability.**

Where a nuisance is caused by the acts of several persons acting separately and independently of each other, each is responsible only to the extent of the injury inflicted by his own wrong.

**7.—Charge—Presenting Defenses Affirmatively.**

A defendant is entitled to have all his defenses presented affirmatively, and it is error for the court not to do so, where special charges are requested calling attention to the omissions.

Appeal from Hunt.   Tried below before Hon. H. C. Connor.

*Perkins, Gilbert & Perkins,* for appellants.

*Bennett & Jones,* for appellee.

RAINEY, Chief Justice.—Appelleee sued to recover of appellants damages for building and operating a gin plant in such close proximity to his residence as to constitute a nuisance, and for an injunction restraining the operation thereof where located. Appellee alleged in substance that, by reason of the construction and operation of said plant, lint and dust have been blown into his house and his cistern; the noise of its operation has disturbed his family; that cotton seed have been allowed to decay and emit obnoxious odors; cattle allowed to tramp the ground around its standpipe or water tank, which leaked or was allowed to run over; and that from these causes his family was made sick, was deprived of the comforts of his wife's society, and incurred medical expenses on account of the sickness of his wife and children.

Defendants answered by general and special demurrers, general denial, and specially various grounds as defenses. Upon a trial plaintiff recovered judgment from which this appeal is prosecuted.

For injury to the wife resulting from a nuisance the husband can recover for loss of the society and comfort of his wife caused thereby. Rogers on Dom. Rel., Par. 269; Hotel Co. v. Cobb, 53 S. W. Rep., 478. Therefore the trial court did not err in overruling the special exception of defendants to the allegations in plaintiff's petition seeking a recovery for such loss.

The plaintiff having sought to recover for medical expenses incurred for both wife and children, the better practice would have been to allege how much was expended for the wife and how much for the children, and also to allege that such expenses were necessary and that the charges therefor were reasonable. Our decisions hold that proof must be made that such charges are reasonable. Wheeler v. Railway, 91 Texas, 360; Railway v. Warren, 80 Texas, 567.

A demurrer of plaintiff was sustained to the allegations of defendants' special answer to the effect that the persons who came to the gin for the purpose of unloading cotton, etc., were law-abiding citizens and conducted themselves in a proper and lawful manner. That at times there had been mud and water around said gin but such had not been caused by the construction and operation thereof, but because of the nature of the soil and its level condition; and that if cows were around and about said gin at times it was not at all unusual in that community and neighborhood, as most people kept cows and permitted them to run at large.

In view of the allegations of the plaintiff's petition the defendants under their general denial were entitled to prove the matters set up in said answer. The record shows that evidence was admitted in proof of the matter set up in the answer, hence no harm resulted to defendants by the demurred being sustained.

That part of the main charge applying the law to the facts is complained of by appellant. None of said objections are vital, yet the charge is not entirely free from criticism, in that it is somewhat confusing in not clearly instructing the jury as to the right of plaintiff to recover damages in case they should believe the sickness of plaintiff's wife was not caused by the nuisance but only prolonged thereby. There was some evidence tending to show that the sickness was not caused by the nuisance but that it was only prolonged by reason thereof, and it is possible from the wording of the charge that the jury may have been led to believe that plaintiff was entitled to all damages incurred by reason of the sickness, though they may have believed that the sickness was only prolonged by reason thereof.

The evidence showed that there were an oil mill, a corn sheller, and another gin plant close to plaintiff's residence but not so near as defendants' gin, which plants were operated by similar motive power, and made similar noises and in other respects subject to other objections

made by plaintiff to defendants' plant, and there was some evidence tending to show that said plants contributed to the injuries complained of by plaintiff, and that said plants were operated separately and independently and in no way connected in their operation with defendants' plant.

Defendants asked a special charge, which was refused, to the effect that the establishment and operation of a gin plant is a lawful avocation, and if the same was operated in the usual manner, and if other plants were situated near and operated in a similar manner, and contributed to the injury, etc., then plaintiff could not recover unless the jury should find that the injury was caused solely by the operations of the defendants' plant; and further, that if said plants contributed during a portion of the time to the annoyance of plaintiff's family, etc., then defendants could in no event be held responsible for the noises caused by the other plants.

The requested charge was not correct as written, but it called the attention of the court to an issue raised by the evidence as to the extent of defendants' liability, and a proper charge covering this phase of the case should have been given by the court, as this issue was not touched upon in the main charge. Kirby v. Estill, 75 Texas, 484; Earle v. Thomas, 14 Texas, 583; Railway v. Hodge, 76 Texas, 90; Freybe v. Tiernan, 76 Texas, 286; Railway v. Hill, 58 S. W. Rep., 255; Williams v. Emberson, 55 S. W. Rep., 595; Railway v. Miles, 50 S. W. Rep., 168.

That a person is engaged in a lawful business is not necessarily a defense to an action for a nuisance. Every person has the right to the reasonable enjoyment of his own property and to conduct a lawful business so long as he does not violate the rights of others in an essential degree. But when he uses his property or conducts his business in a manner prejudicial to the rights of others in an essential degree he becomes liable to the party injured. Wood on Nuis., 2 ed., p. 1.

What conditions create a nuisance depends upon the circumstances of each particular case. What would be lawful and reasonable in one locality might be unlawful and a nuisance in another. Id., p. 2. It would have been error for the court to have charged the jury that because "the establishment and operation of a gin plant is a lawful avocation" and because the *other plants* contributed to the injury, plaintiff could not recover. But the other paragraph of the charge embodied a correct principle of law if the other plants were operated separate from and independent of defendants' plant.

Where a nuisance results from the acts of several acting separately and independently of each other, each is responsible only to the extent of the injury inflicted by his own wrong and can be assessed only for the damages caused by him. Sloggy v. Dilworth, 38 Minn., 179; People v. Oakland Water Front Co., 118 Cal., 234; Martinowsky v. Hannibal, 35 Mo. App., 70; Wood on Nuis., 2 ed., p. 831; Chipman v. Parker, 77 N. Y., 51.

A defendant is entitled to have all his defenses affirmatively presented, and it is error for the court not to do so where special charges are requested calling attention to the omissions. Railway v. McGlamory, 35 S. W. Rep., 1058; Railway v. Andrews, 78 Texas, 305. The court having failed in this particular the judgment must be reversed.

No proof was made that the amount expended for medical attention was reasonable. Appellee proposes to enter a remittitur for this, but as the judgment must be reversed for other errors pointed out, an offer to remit avails him nothing. The judgment is reversed and the cause remanded.

*Reversed and remanded.*