## Ft. Worth & Denver City Railway Company v. W. S. Miller.

### No. 3288. Decided January 31, 1923.

### (247 S. W., 503.)

**1.—Requested Charge—Permanent Disability.**

Where the general charge properly submitted the issue of plaintiff's right to recover for probable future suffering and disability to labor, it was not error to refuse instructions requested by defendant applicable to the several alleged, but controverted injuries, and disallowing such future damages as the result of each unless such permanent injury was shown by preponderance of evidence to have resulted from it. (pp. 354-357).

**2.—Same—Rulings Distinguished.**

The rule announced in Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Fox v. Dallas Hotel Co., 111 Texas, 475; Texas Trunk Ry. Co. v. Ayres, 83 Texas, 268; and numerous cases following them, as to giving requested instructions distinctly submitting distinct defenses, should be restricted to general controverted issues, and not applied to specific items going to make up the sum total of a general issue. See requested charges of the latter character which, if given, would have tended, under the state of the proof, to confuse the issues and to put an undue burden of proof upon the plaintiff. (pp. 355).

**3.—Requested Charge—Feigned Injuries.**

A requested instruction that if the jury believed "that the plaintiff is feigning, if any, as to any of his injuries, if any," they should assess no damages for the same, was properly refused. They might believe the injury genuine, but feigned by plaintiff to be more serious than in fact. Nor was such an instruction necessary or proper, since it resolved itself into one as to the veracity of plaintiff, and the jury were properly instructed that they were exclusive judges of the credibility of witnesses. (pp. 357, 358).

**4.—Requested Charge—Proximate Cause.**

A requested instruction to find for defendant if the sole proximate cause of the collision of trains whereby plaintiff was injured was a severe snow storm, without contributory negligence by defendant, is *held*, under evidence here considered, not warranted by the state of the proof. (p. 358).

**5.—Charge—Damages—Future Earning Power.**

The charge as to damages permitted plaintiff to recover for "loss of time in the past," and for decrease in his "capacity to labor and earn money in the future," resulting from his injuries. This did not permit recovery for future loss of time except as embraced generally in the decrease in his future capacity to labor and earn money, and did not permit double damages. A requested instruction that compensation for future loss of time "should be estimated at what he will be able to earn in his alleged crippled condition, and not what he could earn if uninjured," was properly refused. Missouri, K. & T. Ry. Co. of Tex. v. Beasley, 106 Texas, 160, distinguished. (pp. 359, 360).

**6.—Requested Charge—Harmless Error.**

The undisputed evidence showing that injuries to plaintiff's face and head were well at the time of the trial, a requested instruction against finding damages for permanent results therefrom, though correct and refused, did not present ground for reversal. The issue was sufficiently withdrawn from the jury by the state of the proof, and they could not have been misled. (p.360).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Supreme Court referred the questions to the Commission of Appeals, Section B, for their opinion, and same, being adopted is certified to the Court of Civil Appeals as the answers to such questions.

*Thompson, Barwise & Wharton, A. J. Baskin,* and *C. L. Black,* for appellant.

The court erred in refusing to give in charge to the jury appellant's requested instruction that unless it was shown affirmatively, by a preponderance of the evidence, that the appellee's injuries relative to the burns which he sustained across his buttocks were of a permanent character, that the jury would disallow his claim for damages on account of permanent injuries as a result of said burns.

(a)   The following are authorities on the proposition that this affirmative charge should have been given: Wichita Falls Traction Co. v. Adams, 107 Texas, 612; Progressive Lbr. Co.. v. M. & E. T. Ry. Co., 106 Texas, 12; E. P. & S. W. Ry. Co. v. Foth, 101 Texas, 133, 144; G. H. & S. A. Ry. Co. v. Washington, 94 Texas, 510; Yellow Pine Oil Co. v. Noble, 101 Texas, 125; S. L. & S'. W. Ry. Co. v. Johnson, 100 Texas, 237; S. L. & S. W. Ry. Co. v. Hall, 98 Texas, 480, 488; G. C. & S. F. Ry. Co. v. Johnson, 98 Texas, 76.

(b)   The following are authorities on the proposition that where permanent injuries are involved, an affirmative instruction should be given: Texas Trunk Ry. Co. v. Ayers, 83 Texas, 268; St. Louis B. & M. Ry. Co. v. West, 131 S. W., 839; Texas Traction Co. v. Fearris, 163 S. W., 1060. The question has been so often passed upon that it has become a settled rule. Texas Trunk Ry. Co. v. Ayres, 83 Texas 269; G., C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152, 28 L. R. A., 538; M. K. & T. Ry. Co. v. McGlamory; 89 Texas, 635; M., K. & T. Ry. Co. v. Rogers, 91 Texas, 52; St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 480; St. Louis, S. F. & T. Ry. Co. v. Overturf, 163 S. W., 639.

The court erred in refusing to give in charge to the jury this appellant's special requested instruction, which sought to instruct the jury that if they believed and found from the evidence that the appellee's legs were not injured, and that appellee's spine and coccyx were not injured, that then they would find against the appellee as. to these injuries. Wichita Falls Traction Co. v. Adams, 107 Texas, 612; Progressive Lbr. Co. v. M. E. & T. Ry. Co., 106 Texas, 12; E. P. & S. W. Ry. Co. v. Foth, 101 Texas, 133-144; G. H. & S. A. Ry. Co. v. Washington, 94 Texas, 501-507; Yellow Pine Oil Co. v. Noble, 101 Texas, 125; St. & L. & S. W. Ry. Co. v. Johnson, 100 Texas, 237; St. L. S'. W. Ry. Co. v. Hall, 98 Texas, 480-488; Texas Trunk Ry.

Co. v. Ayres, 83 Texas, 268; Texas Traction Co. v. Fearris, 163 S. W., 1060-61.

The court erred in refusing to give in charge to the jury appellant's special requested instruction No. 12, which sought to instruct the jury that if they found from the evidence that the appellee was feigning, if any, as to any of his injuries, that then they were instructed, as to those injuries he might be feigning, that they would not assess any damages against appellant for the same. McCormick v. Kampmann, 102 Texas, 215; Texas Trunk Ry. Co. v. Ayres, 83 Texas, 268; Wichita Falls Traction Co. v. Adams, 107 Texas, 612.

The Court committed reversible error in refusing to give in charge to the jury appellant's special requested instruction No. 3, which sought to instruct the jury affirmatively that if they believed and found from the evidence in this case that there was a severe snow storm in progress, on or about the time of the accident in question, and if they further found from the evidence that said snow storm was the sole, direct and proximate cause of the appellee's injuries without any contributing negligence on the part of appellant or its servants, that then they would return a verdict for appellant. The following authorities bear directly on the point that this instruction should have been given: Hudson v. Fort Worth & Denver City Railway Company, 139 S. W., 617; St. Louis Southwestern Ry. Co. of Texas v. Johnson, 100 Texas, 237; Fort Worth & Denver City Ry. Company v. Gatewood, 185 S. W., 932. The following authorities hold that a party has the right to have his defenses affirmatively submitted to the jury: Wichita Falls Traction Co. v. Adams, 107 Texas, 612. The following authorities bear on the question as to when the evidence is sufficient to require a charge: Bolt v. State Savings Bank, 145 S. W., 707-9; McGown v. I. & G. N. Ry. Co., 85 Texas, 289-93.

The court erred in refusing to give in charge to the jury defendant's requested instruction that in arriving at their verdict in this case, and in connection with paragraph 4, of the court's main charge, in determining the value of the time, if any, that the plaintiff would lose in the future due to his injuries, such value should be estimated at what he would be able to earn in his alleged crippled condition, and not what he could earn if uninjured. M. K. & T. Ry. Co. of Texas v. Beasley, 162 S. W., 950.

The court erred in refusing to give in charge to the jury, this defendant's requested instruction that in arriving at their verdict in this case, that they would not consider whether or not plaintiff's face and head have been permanently injured, and defendant says this instruction should have been given, because the undisputed evidence showed that plaintiff's face and head were not permanently injured. Abilene Gas & Elec. Co. v. Thomas, 194 S. W., 1016-1018.

*McLean, Scott & McLean,* and *Leonard M. Levy,* for appellee.

Appellee's petition alleges in substance that all the injuries received by him in the wreck had seriously and permanently impaired his ability to labor and earn money in the future, and had caused him to be a cripple.  The petition does not allege that the whole of his disability is attributable to either one of the injuries he received.  T. & P. Ry. Co. v. Scoggins & Brown, 40 Texas Civ. App. 526, 90 S. W., 521; F. W. & D. C. Ry. Co. v. Watkins, 48 Texas Civ. App., 568, 108 S. W., 487; Brockwood, Sacketts, Instructions, Vol. 3, Sec. 3742, Note 9.

The requested special charge would have been calculated to mislead and confuse the jury.  One section of the jury might find that the injury from the burns was permanent in its effect, while another part of the jury might find differently; this second section of the jury might find the burns were not permanent and would not cause disability in the future, but that other injuries in evidence would cause permanent disability in the future, while the first section of the jury might disagree as to this later conclusion, but all the jury might agree that the combined injuries would produce permanent disability.

The fact of the collision of two trains under the sole management and control of the defendant and its employes, and being operated by them on the main line of the company, said trains backing in opposite directions, and no explanation having been either pleaded or shown by testimony as to what caused or brought about said collision, established a case of negligence on the part of the defendant and its employes, and plaintiff having received his injuries by reason of said collision there was no rule of law or reason calling for the special instruction.  Gonzales v. Galveston, 84 Texas, 3; Wehner v. Lagerfelt, 27 Texas, Civ. App., 520, 66 S. W., 221; San. Antonio, etc., Ry. Co., v. Stephens, 37 Texas Civ. App., 80, 83 S. W., 235; 29 Cyc., 491.

MR. PRESIDING JUDGE McCLENDON delivered the opinion of the Commission of Appeals, Section B.

This case is presented upon certified questions from the Court of Civil Appeals.

Appellee recovered judgment against appellant for $13,500.00 as compensatory damages for personal injuries sustained by him while a passenger on one of appellant's freight trains, upon which appellee had engaged transportation from Ft. Worth to Wichita Falls for himself and some live stock, farming implements, household furniture etc.  The trial was by jury upon a general charge.

Before the train had passed the city limits of Ft. Worth it became stalled on a grade and backed south towards the city for the purpose of getting a fresh start, and in doing so, collided with

another train of appellant composed of a switch engine and several box cars, which was backing north on the same track. The impact of the collision practically demolished the caboose in which appellee was riding and threw him on the side of the track, piling debris upon him, including a hot stove, which severely burned his buttocks; and he was otherwise injured. There was evidence that at the time of the collision the night was dark and stormy and there was some sleet or snow. No explanation appears to have been given by appellant of the cause of the accident. The evidence was conflicting as to the extent of appellee's injuries. There was no question but that the burn was severe and that it left a large permanent scar, but whether these injurous effects were otherwise of a permanent nature was controverted. The doctors differed as to whether the burn was a second or third degree burn as they termed it. There was some injury to appellee's face, but he testified that it had healed. There was also some injury to one of his arms and hands, but whether he had fully recovered in this regard was also controverted. He claimed a fracture, dislocation or other injury to the coccyx and that his spine was injured. He also claimed that the injuries he received in some way affected his legs, preventing their use. Whether there was any injury to the coccyx, spine or legs were sharply contested issues in the case. Appellant requested a number of special charges relating to the character or extent of appellee's injuries, all of which the trial court refused. The first certified question relates to the refusal of three of these special charges and is as follows:

"(1) Did we err in overruling assignments one, two and three with reference to future or permanent injuries?

The assignments referred to complain of the trial court's refusal to submit each of the following three special charges:

"(a) Should you find for the plaintiff herein you are instructed that he can only recover for such injuries as the proof shows affirmatively that he has sustained as a direct result of the negligence, if any, of the defendant herein, and unless it is shown affirmatively by a preponderance of the evidence, that the plaintiff's injuries relative to the burns that he sustained across his buttocks, are of a permanent character, you will disallow his claim for damages on account of permanent injuries, as a result of the burns at the place herein mentioned."

"(b) You are instructed that if you should find for plaintiff herein, in arriving at your verdict herein, you will not allow the plaintiff any damages for physical pain, if any, that he may sustain in the future, as a result of a burn cross his buttocks, unless you believe and find, from a preponderance of the evidence herein, that he will, in the future, with reasonable probability sustain physical pain as a result thereof."

"(c) You are instructed that if you believe and find from the evidence in this case that the plaintiff's legs are not injured, and that the plaintiff's spine and coccyx are not injured, then you are instructed that, in arriving at your verdict herein, you will find against the plaintiff as to these alleged injuries; and you are instructed in this connection that the burden of proof is on the plaintiff to show, by a preponderance of all the evidence, that he was injured in these respects."

The entire charge of the court upon the measure of damages follows:

"If you find for the plaintiff, you will award him such a sum of money as if paid now will fairly and reasonably compensate him for his physical pain and mental anguish, if any, suffered in the past and his loss of time in the past, if any, resulting from said injuries, if any; and if you believe and find from the evidence that plaintiff has not yet recovered from such injuries, if any, and that he will with reasonable probability, suffer pain in the future and that his capacity to labor and earn money in the future has been decreased by reason of such injuries, if any, then you may take each or all of said elements of damage, if any, into consideration in awarding the damages, if any you find."

We think there can be no serious question but that each of the three refused charges presents a correct proposition of law as applied to issues raised by the pleadings and evidence, and therefore it was the duty of the court to give them, unless the rule announced in Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635, 35 S. W., 1058, and followed in a number of subsequent cases, should be restricted to general controverted issues, and not applied to specific items going to make up the sum total of a general issue.

The latest statement by the Supreme Court of the rule announced in these cases is found in Fox v. Dallas Hotel Co., 111 Texas, 461, 240 S. W., 517, from which we quote:

"Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved."

Other cases to the same effect are: Texas Trunk Ry. Co. v. Ayres, 83 Texas, 268, 18 S. W., 684; Galveston, H. & S. A. Ry. Co. v. Washington, 94 Texas, 510, 63 S. W., 534; Yellow Pine Oil Co. v. Noble, 101 Texas, 125, 105 S. W., 318; Missouri, K. & T. Ry. Co. v. Carter, 95 Texas, 484, 68 S. W., 159; St. Louis S. W. Ry. Co. v. Casseday, 92 Texas, 526, 50 S. W., 125; El Paso & S. W. Ry. Co. v. Foth, 101 Texas,

133, 100 S. W., 171; St. Louis S! W. Ry. Co. v. Hall, 98 Texas, 480, 85 S. W., 786; Gulf C. & S. F. Ry. Co. v. Gorman, 112 Texas, 147, 245 S!. W., 418.

The case which presents the closest analogy to the present is Railway v. Ayres, above. The main charge of the court in that case separated the damages which had already been suffered from those which would probably be suffered in the future; and the controversy upon the latter character of damages was required to be submitted to the jury affirmatively from the viewpoint of the defendant. The element in that case distinguishing it from the present is that here the permanent injuries complained of, and upon which the evidence was conflicting, are separated in the special charges into various items, and each of these items is sought to be submitted separately to the jury as an independent issue to be determined by them.

The three charges in question relate to injuries affecting closely related portions of the body, and if they existed, which was a sharply controverted issue of fact, it would be impossible to determine with certainty the exact specific cause. The evidence of such injuries, or at any rate the permanent effect thereof, was to a large extent, and in some respects entirely, of a subjective character. Whether there were any physical evidences of injury to the coccyx was an issue upon which the medical witnesses disagreed. The injury to the legs affecting plaintiff's locomotion, if it existed at all, might under the evidence have been caused or at least contributed to by the burn, or it might have been the result of some injury to the spine or coccyx. The general issue in this regard was whether plaintiff suffered any permanent effects from his injuries, and if so, to what extent. This was clearly an issue, which if properly requested, the defendant was entitled to have affirmatively submitted to the jury upon its theory of the evidence. We have reached the conclusion, however, that in a case of this character it would not be proper to segregate each item of alleged injury and submit it separately to the jury, so as to eliminate it from recovery in case the jury should fail to find affirmatively upon the preponderance of the evidence that the particular character of injury existed. Let us take for example the injury to the coccyx. The jury might well believe that the evidence preponderated against a finding that plaintiff sustained this specific injury; and yet they might believe that the plaintiff was permanently injured in some manner which would be referable either to an injured coccyx, an injured spine or to some effect of the burn, which would cause him in the future to suffer pain and to some degree to be disabled in his powers of locomotion or otherwise, thus impairing his capacity to labor. To submit special charges upon each specific item of injury would, we think, tend to confuse the jury and might cause them to impose an

undue burden upon the plaintiff to establish his injuries of a permanent character. This is especially true in a case where a number of organs are claimed to be affected and where there is uncertainty, not only in whether there is any permanent injury at all, but if so, whether that result may be traced to some specific injury to one or more specific organs.

We conclude that the first certified question should be answered in the negative.

The second certified question is as follows:

"(2)　Did the trial court err in failing to give the requested charge as to any injuries which the jury might believe the plaintiff was feigning?"

The special charge referred to in this question was as follows:

"If you believe and find from the evidence that the plaintiff is feigning, if any, as to any of his injuries, if any, then you are instructed that as to those injuries, if any, that he may be feigning, as to, if any, you will not assess any damages against the defendant herein for the same."

As stated above the question whether plaintiff was really permanently injured as he claimed was one of fact, and the evidence upon this question depended in large measure upon the testimony of plaintiff to the effect that he suffered in certain particulars under certain conditions, and that he could not walk about without the use of crutches, and was not able to perform labor. The jury might consistently with the evidence have concluded either that he was not injured at all permanently and his claim in that regard was only feigned; or, that he was injured to some extent as he claimed, but that he was pretending or feigning injury more serious than in fact he suffered. We agree, however, with the Court of Civil Appeals that defendant was not entitled to have this charge submitted to the jury. In its last analysis the issue resolves itself into a question of the veracity of plaintiff; and certainly it would not be proper for the court to charge the jury that if they believe plaintiff was not telling the truth in some respect, they would find against him in that regard. If such charge would be proper as applied to the testimony of one of the litigants, why would it not also be proper as to every witness in the case? We do not think a jury needs to be instructed that a litigant is not entitled to recover for injuries which do not exist in fact, but for which he has sought recovery upon a built-up case supported by perjured testimony. The trial court charged the jury generally that they were the exclusive judges of the credibility of the witnesses and of the weight to be given to their testimony and of the facts proved. We think this charge, which applied to all the controverted testimony, was a sufficient guide to the jury in determining the credibility and veracity of each

witness, including plaintiff, upon every subject, the determination of which was peculiarly within their province.

The second question we think should be answered in the negative.

The third question reads:

"(3) Did the trial court err in failing to give the requested charge submitting the issue of whether or not the snow storm was the proximate cause of plaintiff's injuries."

The refused instruction was as follows:

"You are instructed that if you believe and find from the evidence in this case that there was a severe snow storm in progress on or about the time of the accident in question, then you are instructed that if you believe and find from the evidence that said snow storm, if any, was the sole, direct and proximate cause of the plaintiff's injuries without any contributing negligence, if any, on the part of the defendant or its employees, then you are instructed that you will return a verdict for defendant herein, even though you believe and find from the evidence that the plaintiff sustained the injuries mentioned in his second amended original petition."

Upon this question the Court of Civil Appeals state in its certificate:

"We were of the opinion that the assignments should be overruled, because the evidence failed to show that the employes of the defendant in charge of the two trains were not able to see because of any snow storm. The rear brakeman on the train on which plaintiff was riding testified that 'it was a stormy snowy night,' but that he could see the conductor's light on his own train and the light of the switch crew on the other train. One of the switch crew in charge of the other train testified that the night was very cold, that it was sleeting and that his train was running about twelve or fifteen miles an hour. Neither of these witnesses, who gave the only testimony as to the details of the accident, except that of Miller, who was inside of the caboose, made any claim that the accident occurred because of their inability to see by reason of the snow storm."

The Court of Civil Appeals further state:

"The accident occurred at night, the weather being cold, and a snow storm being in progress . . . no explanation is given in the statement of facts of the cause of the accident except that the two trains on the main line were backing in opposite directions and that weather conditions and the darkness of the night prevented the employees on the two trains from seeing or appreciating the imminence of the collision."

Under the evidence if the jury might properly have found that the snow storm was the sole proximate cause of the collision without any contributing negligence on the part of defendant or any of its servants or employees, then clearly the charge should have been given; but as we read the certificate, we do not understand that the evi-

dence would support that conclusion, and therefore we think the third special issue should be answered in the negative.

The fourth certified question, which embraces two questions, is as follows:

"(4)  a.  Did the court submit an improper measure of the damages with reference to plaintiff's impaired capacity to labor and earn money in the future; b.  Should the charge submitted by defendant, to the failure to give which the sixteenth assignment is presented, have been given?"

The charge referred to in the sixteenth assignment reads:

"You are instructed that in arriving at your verdict in this case, and in connection with paragraph 4 of the Court's main charge, in determining the value of the time, if any, that plaintiff will lose in the future from his injuries, if any, such value shall be estimated at what he will be able to earn in his alleged crippled condition, and not what he could earn if uninjured."

We have quoted above the court's charge upon the measure of damages.

Appellant's contention that the court's charge was improper as authorizing a double recovery for appellee's loss of time in the future, and that the special charge was improperly refused because it cured this error, is rested upon the decision of the Supreme Court in Railway v. Beasley, 106 Texas, 160, 155 S. W., 183, 160 S. W., 471. The pertinent portions of the court's charge in the Beasley case are as follows:

"Then you will allow him a sum of money that will reasonably compensate him for  .  .  .  the time that he will lose in the future if you should find that he will lose any time in the future, and for his decreased capacity to earn money in the future, if any."

This charge was held to be erroneous as authorizing, although not necessarily requiring, the jury to award double damages for loss of time in the future.  It was held in this regard that decreased capacity to earn money covered the entire future period of plaintiff's life; and therefore an allowance for such decreased capacity would cover both the period in which he would be able to perform some labor, and the period in which he would be totally incapacitated from performing any labor.  If, therefore, he should be allowed an additional sum for lost time, the compensation upon that item should be upon the basis of his decreased earning capacity for which an allowance had already been made, and not upon his earning capacity as it existed before he was injured.  The court's charge in the present case does not instruct the jury to find specifically for any loss of time in the future, but merely authorizes them, if they believe from the evidence that plaintiff's capacity to labor and earn money in the future has been decreased by reason of his injuries, if any, to take into consideration said element of damages in awarding the damages, if any

they find. Loss of time in the future is either eliminated from the jury's consideration altogether, or it is embraced within the decreased capacity to earn money. We do not think the charge is susceptible of the construction which appellant seeks to put on it. Our view is that the whole question of plaintiff's future damages is submitted in the form of decreased capacity to earn money, and that this relates to his whole future life. The jury are instructed to consider the decreased earning capacity of plaintiff as a whole, whether it be a partial incapacity during the whole of life or a partial incapacity for a part of the time and a total incapacity for the rest of the time. Whatever the incapacity may be as found by the jury, the instruction is to award damages for the decrease; that is to take the earning capacity before the injuries and deduct from it the earning capacity in the future, whether that be partial or total. The result, if the jury followed this instruction, was mathematically correct. We therefore think the fourth certified question should be answered in the negative.

The fifth certified question reads:

"(5) Where the undisputed evidence showed that the injuries to plaintiff's head and face were cured at the time of trial, was it reversible error in the trial court to fail to give the requested instruction against finding any damages for permanent injuries to the head and face?"

In submitting this question the Court of Civil Appeals says:

"Plaintiff testified, in effect, that the injuries to his face and head were well at the time of the trial. There was no evidence contradicting this statement. Under the circumstances we were of the opinion that, while the charge submitted was proper and should have been given, that no prejudicial error was shown, for the reason that the jury could not reasonably have been misled into allowing damages for such future injuries to plaintiff's face and head."

We think the Court of Civil Appeals correctly held that the refusal of this special issue was not reversible error. We gather from the above quotation from the certificate that plaintiff in his testimony was not claiming any permanent injuries to his face and head. Under these circumstances, we do not think it was necessary to withdraw that issue from the jury by special charge. The testimony of plaintiff eliminated that issue from the jury's consideration as effectually as a special charge could have done so; and while, as stated by the Court of Civil Appeals, it may not have been improper to give the charge, we do not think any injury resulted from its refusal. We therefore conclude that the fifth certified question should be answered in the negative.

BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adapted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.