## NORTHERN TEXAS TRACTION CO. v. GILBERT. (No. 11372.)*

(Court of Civil Appeals of Texas. Fort Worth. Jan. 30, 1926. Rehearing Denied Feb. 27, 1926.)

**1. Trial** ⊜═⧩352(5)—**Where defendant pleaded specific acts of plaintiff as constituting contributory negligence, submission of issue thereon in general way held prejudicial error.**

In action against street railroad for personal injury from collision of street car with plaintiff's automobile, where defendant pleaded specific acts of plaintiff as constituting contributory negligence, submission of issue thereof in a general way *held* prejudicial error, especially where court submitted specifically different issues of defendant's negligence.

**2. Trial** ⊜═⧩352(5)—**Defendant was entitled to have each alleged act of plaintiff's contributory negligence submitted separately (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1984a, 1985).**

In view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 1984a, 1985, where defendant pleaded specific acts of plaintiff as constituting contributory negligence, it was entitled to have each act of alleged negligence submitted separately and affirmatively.

**3. Trial** ⊜═⧩352(5).

Defendant has right to have submitted separately, distinctly, and affirmatively, each ground of defense relied on without intermingling it with other defenses.

**4. Damages** ⊜═⧩166(1)—**Evidence** ⊜═⧩472(2).

In personal injury action, testimony of plaintiff that her injuries were such as to necessitate an operation was improper; she not being an expert, and the question of necessity of operation being one for the jury.

**5. Damages** ⊜═⧩158(1).

Testimony as to injuries not among those specified in petition as result of injuries was inadmissible.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by Mrs. Marguerite Gilbert against the Northern Texas Traction Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Capps, Cantey, Hanger & Short, and W. D. Smith, all of Fort Worth, for appellant.

W. F. Kelly and John W. Baskin, both of Fort Worth, for appellee.

CONNER, C. J. This suit was instituted in the Forty-Eighth district court of Tar-

rant county by Marguerite Gilbert against the Northern Texas Traction Company to recover damages for personal injuries alleged to have been sustained by the plaintiff in a collision between an automobile driven by the plaintiff and a street car or cars of the defendant at the intersection of North Main and Fourth streets in the city of Fort Worth, on or about the 27th day of August, 1923.

The plaintiff alleged, in substance, that she was driving her automobile north on Main street, and when she reached the intersection of said street with North Fourth street she turned her automobile for the purpose of crossing over to the west side of Main street, and when almost across, the rear left wheel of her automobile was struck by the left front part of the street car going north on the east track, and the automobile was hurled to a lengthwise position on the west car track; the street car passing on a distance of approximately 80 feet. From this collision it is alleged she suffered certain personal injuries and her automobile was damaged. She alleged several specific acts of negligence which will, so far as necessary, appear in our subsequent discussion of the case.

The defendant answered by various exceptions, a general denial, and a plea of contributory negligence.

The case was tried before a jury, who, having heard the evidence and received the charge of the court, returned findings as follows:

"That the motorman operating said street car was guilty of negligence in running the same at an excessive rate of speed.

"That such negligence was a proximate cause of the plaintiff's injuries.

"That immediately prior to, or at the time of, the accident, the street car which struck the plaintiff's automobile was being run at a rate of speed in excess of 20 miles an hour.

"That the driving of such car at a rate of speed in excess of 20 miles an hour was a proximate cause of plaintiff's injuries.

"That the motorman in charge of the defendant's car which struck plaintiff's automobile was guilty of negligence in failing to discover that the plaintiff was about to drive, or had driven, her automobile upon the defendant's track.

"That such negligence in failing to make such discovery was a proximate cause of the plaintiff's injury.

"That the plaintiff, in driving her automobile upon the car track at the time and place and manner in which she did drive the same, was exercising ordinary care and prudence for her own safety and welfare.

"That by reason of her injuries plaintiff had been damaged in the sum of $2,500; and that her automobile had been damaged in the sum of $382.

"That the motorman operating the northbound street car did not discover that plaintiff was in a dangerous and perilous position in time so that by the exercise of ordinary care

---

⊜═⧩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction April 14, 1926.

and the use of all reasonable means at his command to have stopped said car and avoided the collision."

[1] Appellant's principal contention upon this appeal is predicated upon its proposition that plaintiff was guilty of contributory negligence as a matter of law in driving upon defendant's track "without looking and listening for a street car," and that hence the court erred in refusing to give appellant's specially requested charge for a peremptory instruction in its favor.

As will be later seen in our disposition of the case, the plaintiff testified that before attempting to cross she did look for a street car, and it seems to have been established that, under the general rule in this state, the mere failure of one about to go over a railway crossing to listen for an approaching train does not of itself constitute contributory negligence as a matter of law. See Trochta v. M., K. & T. Ry. Co. (Tex. Com. App.) 218 S. W. 1038. We will not, however, discuss the question, in view of another trial and a reference to the testimony which will appear in our discussion of the point which we have finally concluded that the judgment must be reversed.

In submitting the issue of plaintiff's alleged contributory negligence, the court, after having defined the terms "negligence," "ordinary care," and "proximate cause," submitted the issue of plaintiff's alleged contributory negligence as follows:

"Was the plaintiff, in driving her automobile upon defendant's track at the time and place and manner in which she did drive same, exercising ordinary care and prudence for her own safety and welfare?"

To which the jury answered, "Yes."

Appellant pleaded contributory negligence on the part of the plaintiff in the following language:

"That on the said occasion, plaintiff was driving in an automobile in a northerly direction, and parallel with defendant's north-bound street car. That she knew, or by the exercise of ordinary care could have known, that said street car was going north, and that she did not have sufficient time to turn in front of said street car, and undertake to cross defendant's track at the time she made the turn. That without looking for said street car, and without listening for the same, and without giving any signal of her intention to do so, and in violation of the city ordinances of the city of Fort Worth, and the statutes of the state of Texas governing and regulating the use of the streets and highways of the state, plaintiff suddenly turned to the left and in front of said north-bound street car, when the same was practically on her and so close to her that it was impossible to stop said street car before coming in contact with plaintiff's automobile, and that at the time plaintiff turned to the left and undertook to cross said street, one of defendant's street cars on the west, or south-bound, track was likewise approaching, and that plaintiff saw, or by the exercise of ordinary care could have seen, said south-bound street car, and saw and knew, or by the exercise of ordinary care could have seen and known, that said street cars were approaching each other, and were in the act of passing each other, but that with said street cars so situated, and when they were approaching near to each other, and when it was exceedingly dangerous to do so, the plaintiff in her utter disregard for her own safety and life, and for the safety of her automobile, suddenly turned to the left and attempted to drive between said street cars approaching each other in opposite directions, and in so doing was struck by said street cars. That all of the acts and conduct of the plaintiff as here alleged constituted negligence on her part, which caused and contributed to cause the accident in question, and which defendant here and now sets up in complete bar of plaintiff's right to recover against it herein."

[2] The charge of the court quoted was excepted to in the following language:

"The defendant objects and excepts to the manner and way in which question No. 11, contained in the court's main charge, is submitted to the jury for the following reasons, to wit:

"A. Such issue submits to the jury the question generally whether or not the plaintiff, at the time and place and in the manner in which she did drive, exercised ordinary care and prudence for her own safety and welfare. Such question attempts to submit generally the question of contributory negligence, if in fact it submits anything. In the defendant's answer, contributory negligence upon the part of the plaintiff is specifically pleaded in different ways; that is to say, that several different and specific acts and omissions are alleged upon the part of the plaintiff, which it is charged constituted contributory negligence in this:

"(1) That she knew, or by the exercise of ordinary care could have known, that the street car was going north and that she did not have sufficient time to turn in front of said street car and undertake to cross the track, and that notwithstanding such fact, she turned in front of the car.

"(2) That she turned in front of the car without looking or listening for said car.

"(3) That she turned in front of said car without giving any signal of her intention to do so, and in violation of the city ordinances of the city of Fort Worth and statutes of the state of Texas.

"(4) That she turned to the left in front of said north-bound car when same was practically on her and so close to her that it was impossible to stop.

"(5) That at the time she turned to the left and undertook to cross the street, one of the defendant's street cars on the west or south track was likewise approaching, and that the plaintiff by the exercise of ordinary care could have seen the south-bound car, and that she saw it or could have seen it, and notwithstanding the danger in attempting to cross in front of said street car and between said cars approaching each other, and in utter disregard of her own safety and life and for the safety of the automobile, turned to the left and attempted to pass between said cars.

"It is charged that each of such acts and omissions constitute negligence on her part and proximately caused the collision in question and re-

sulting injuries and damages. Such question, instead of submitting affirmatively each of said facts which it is alleged constituted contributory negligence, submitted, if anything at all, contributory negligence in a general way, all of which was objectionable, especially so in view of the fact that the court submitted specifically different issues of negligence upon the part of the defendant. The defendant was entitled to have each group of facts submitted affirmatively to the jury and questions asking whether or not such facts, if found, constituted contributory negligence, and such issue so submitted was therefore objectionable.

"B. Because such issue was ambiguous, misleading, and did not submit the issues of contributory negligence as made by the pleading and evidence in the case of the detriment of this defendant."

The defendant also requested special issues soliciting answers as to whether the plaintiff looked for defendant's north-bound street car before driving on the defendant's track, and whether she listened for a street car before driving on defendant's track, and whether she saw a south-bound car approaching from the north and attempted to drive between the car going south and the car going north when they were too close to each other for her to make the drive in safety, and, if so, whether such attempt constituted negligence. Each of the special issues required further findings in event of favorable answers of whether the failure of plaintiff constituted negligence, and, if so, whether such negligence constituted the proximate cause of her injury.

The plaintiff testified, in substance, that she was traveling north on North Main street, and after having passed over the Paddock Viaduct and arrived at the intersection of Fourth street, she concluded to return to the city and slackened the speed of her car, and veering to the right side of the street she threw out her hand, giving the customary signal that she was about to turn, and after having done so, proceeded across the track at a speed from five to eight miles an hour, as she estimated; that she did not see the north-bound car which struck her; that as she turned she looked to the south and saw that the track was clear for at least 200 feet; that she also saw the south-bound car on the west track, there being a double track on North Main street; that the south-bound car was about a block away; that she did not hear any gong sounded or know of the approach of the north-bound car until it struck her; that her car had succeeded in crossing the east car tracks, except the hind wheels of her car had not crossed the west rail of the east car line; and that at this moment the north-bound car struck her. It also appears in her testimony that as the north-bound car struck her automobile it shoved it around on the tracks upon which the south-bound car was traveling, and that the south-bound car stopped just as it touched her car, but no damage appears to

have been done by the collision with this car. She testified that she would not have driven across the track if she had known that the car was going to hit her; that there were no curtains up to interfere with her seeing the street car; that there was a window in the back of her car, but that she did not look through it when she started to turn.

The operator of the north-bound car testified that as he approached North Fourth street another automobile, which was driving a little to the east and in front of the street car, made a sudden turn to the left in front of the street car, and when that was done he applied his air and shoved down on the gong at the same time; that he locked his wheels, sounded his gong, and as the car that made the first turn to the left got out of his way, he then saw the plaintiff's automobile crossing the track in front of him; that when he first saw this car, it was from 15 to 18 feet in front of him. He said that he knew there were two cars on his right going over the clear; that during all of that time he was keeping a lookout to the front. He and other witnesses also testified to the effect that the north-bound car at the time was running from 10 to 15 miles an hour. The operator of the south-bound car testified to the effect that when he saw the automobile turn on the track, he applied the air, and signaled to stop, but he was then only a short distance away, "something in the neighborhood of 25 or 30 feet; she was near the center of Fourth street and he was something in the neighborhood of 25 feet from her car; that he struck her car in the rear; that he had almost stopped at the time he struck her car."

Appellant in its second to seventh propositions, inclusive, insists that it was error for the court to submit all of the issues of contributory negligence in a general issue, and that it was entitled to have each of the grounds upon which it predicated its plea of contributory negligence submitted separately and affirmatively to the jury, inasmuch as it is contended there was evidence to support these issues.

[3] The rule is well settled that a defendant has the right to have submitted separately, distinctly, and affirmatively each ground of defense relied on without intermingling the same with other defenses. At the time of the trial under consideration, article 1971, Vernon's Sayles' Ann. Civ. St. 1914, provided, in part, that the court shall submit all controverted questions of fact to the jury. Article 1984a reads, in part:

"Such special issues shall be submitted distinctly and separately, and without being intermingled with each other, so that each issue may be answered by the jury separately."

Article 1985 provides, in part:

"And it shall be the duty of the court, when it submits a case to the jury upon special issues, to submit all the issues made by the pleading."

One among our leading cases dealing with the subject is that of Fox v. Dallas Hotel Co., 240 S. W. 517, 111 Tex. 461. Fox was injured by an elevator dropping upon him while he was seeking to discover the cause of its being stuck. Defendant pleaded contributory negligence upon a number of grounds, such as putting his body underneath the elevator, failing to operate the elevator up and down, failing to lock the elevator in place and in not getting entirely into the pit, etc. The court submitted the issue of contributory negligence to the jury as follows:

"Was Alexander Fox guilty of contributory negligence in his conduct, in, around or about said elevator, or the shaft thereof, prior to or at the time he was injured?"

But the court refused to submit the five special issues requested by appellant presenting the five grounds of contributory negligence separately. For this error, the Court of Civil Appeals reversed the case (196 S. W. 647), saying appellant was entitled to have the separate grounds of its defense and issues made by the pleadings, all submitted distinctly and separately and without being intermingled with each other. It is there said in the opinion:

"The trial court disregarded the mandatory provisions of articles 1971, 1984a, and 1985, Vernon's Sayles' Texas Civil Statutes, in the charges given and refused, in submitting the issues of contributory negligence raised by the pleadings of defendant in error. For that reason, no other proper judgment could have been rendered by the Court of Civil Appeals than to reverse the judgment of the trial court and to remand the case for a new trial.

"The statutes make it the duty of the court in trials by jury: First, to submit all the controverted fact issues made by the pleadings; second, to submit each issue distinctly and separately, avoiding all intermingling; and, third, to give such explanation and definition of legal terms as shall be necessary to enable the jury to answer each issue.

"Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved. The court submitted separately, as the statute required, each group of facts relied on by plaintiff in error, under her pleadings and the evidence, to constitute negligence on the part of defendant in error. The court, over the objection of defendant in error, refused to submit separately each group of facts relied on by defendant in error, under its pleadings and the evidence, to constitute contributory negligence on the part of Alexander Fox. * * *

"So stringent was the old rule that no special verdict was allowed to stand which did not dispose of all issues of fact. Cole v. Crawford, 5 S. W. 646, 69 Tex. 126. No change has been made in the right of a party plaintiff or defendant to have all fact issues submitted and determined. The change is that the party who fails to make written request for the submission of an issue is treated as consenting for the court to determine the issue. Moore v. Pierson, 94 S. W. 1132, 100 Tex. 116, 117."

It is to be noted that the case from which we have quoted was one submitted on special issues, and is therefore authority for the proposition that this rule of law is applicable in cases submitted on special issues, as well as those where the issues are submitted in a general charge.

The case of G. C. & S. F. Ry. v. Woods, 262 S. W. 229, decided in May, 1924, by the Court of Civil Appeals at Austin, was one submitted on special issues. The plaintiff sued the railway for damages for the death of her father and mother, resulting from an automobile in which they were riding falling from a bridge. The defendant relied upon contributory negligence, in that the driver of the car knew of the hole in the road; that his car was not equipped with proper headlights, or, if so, the same were not properly burning. The court submitted the issue of contributory negligence, as follows:

"In going upon said embankment and bridge at the time and in the manner disclosed by the evidence, do you find from the evidence that the deceased, J. S. Woods, was guilty of contributory negligence as that term has been heretofore defined in this charge?"

To which the jury answered, "No." Defendant requested three special issues, No. 6 requiring the jury to find whether or not deceased knew, or should have known, of the defects in the roadway. No. 6–A was as to whether or not the headlights were giving sufficient light to enable deceased to observe and avoid the defects, and No. 6–B was as follows:

"In so driving said automobile under such circumstances, or in causing or permitting the same to be driven, as that the wheels thereof came in contact with said defects, if any, and thereafter said automobile was driven or fell off of the floor of said bridge into the bed of the creek below, was the deceased guilty of negligence as that term has been heretofore defined?"

The court held it reversible error to refuse the requested special issues, saying on page 234:

"The courts have repeatedly held that where cases are submitted upon special issues, and the pleadings and the evidence present a group of facts, or several groups of facts which if proven would constitute a complete defense of contributory negligence to plaintiff's action, the defendant, where he requests it, is entitled to have such an issue submitted to the jury under the facts as grouped. Fox v. Dallas Hotel Co., 240 S. W. 517, 111 Tex. 461; Ft. W. & D. C. Ry. Co. v. Miller, 247 S. W. 503, 112 Tex. 355; Strawn Coal Co. v. Trojan (Tex. Civ. App.) 195 S. W. 258; Southern Traction Co. v. Gee (Tex. Civ. App.) 198 S. W. 994.

"It was error for the trial court to refuse to give the special instructions requested. It is just as essential that the defenses pleaded, if there be competent evidence to support them, be submitted in special issues covering the defendant's theory of the case, unless waived by the defendant, as that the plaintiff's theory of the case be so submitted.

"For the error indicated the judgment of the trial court must be reversed and the case remanded for another trial."

Appellant cites numerous other cases of like effect, such as K. C., M. & O. Ry. Co. v. Swift (Tex. Civ. App.) 204 S. W. 135; G. H. & S. A. Ry. Co. v. Crowley (Tex. Civ. App.) 214 S. W. 721; Texas & N. O. Ry. Co. v. Wagner (Tex. Civ. App.) 262 S. W. 902; I. & G. N. Ry. v. Jackson, 103 S. W. 709, 47 Tex. Civ. App. 26; Munger Automobile Co. v. American Lloyds of Dallas (Tex. Civ. App.) 267 S. W. 304; Jamison Gin Co. v. Measels. (Tex. Civ. App.) 207 S. W. 365; St. L. S. W. Ry. v. Osborne (Tex. Civ. App.) 270 S. W. 922; Atchison, T. & S. F. Ry. v. Francis (Tex. Civ. App.) 227 S. W. 342; Kirby v. Estill, 12 S. W. 807, 75 Tex. 484; G. C. & S. F. Ry. v. Hodges, 13 S. W. 64, 76 Tex. 90; Olympia Freybe v. Tiernan, 13 S. W. 370, 76 Tex. 286; Neville v. Mitchell, 66 S. W. 579, 28 Tex. Civ. App. 89; Texas Ref. Co. v. Alexander (Tex. Civ. App.) 202 S. W. 133.

Under the facts and authorities referred to, we have felt constrained to hold that the general charge of the court was, in the face of objections made to it, erroneous, and that the defendant's special charges Nos. 5, 7, 8, and 12 should have been given. It is true plaintiff's evidence was to the effect that she did look and saw that the track to the south was clear for at least 200 feet, and gave the warning signal before referred to, and one of her witnesses testified that the street car was traveling at the rate of 30 miles an hour. The plaintiff also testified that the south-bound car on the west track of defendant company was about a block away. Interpreted in its most favorable view, the verdict of the jury that she was not guilty of contributory negligence seems well supported. But it is to be remembered that the credibility of the plaintiff as a witness and the weight to be given to her testimony was for the jury, and that her testimony fails to disclose that she listened as well as looked for an approaching car before attempting to cross the street car tracks. It was for the jury to say whether or not her failure, if any to listen as well as look, was under the circumstances negligent.

[4, 5] The testimony on the part of defendant was to the effect that its car was traveling some 10 or 12 miles an hour, thus fixing the distance from the automobile much nearer at the time she attempted to cross the track than it was by the testimony in her behalf. So, too, the testimony in behalf of defendant of the north-bound car seems to fix its proximity much closer than as stated in the testimony of the plaintiff, and under the authorities from which we have quoted and those cited, we feel unable to say that the action of the court in the respects questioned was not prejudicially erroneous. In view of another trial, the testimony of plaintiff to the effect that her injuries were such as to necessitate an operation should be excluded on objection. She was not an expert, and we think it would be for the jury to say from the proof of the injuries shown and the testimony of physicians who operated on her to state whether or not the operation was a necessary one. We also think that unless plaintiff's petition be amended the testimony of Dr. Harold Johnson that he, in operating upon the plaintiff, encountered "numerous adhesions," all of which seemed to be very fine, and that he found and removed a small tumor in the body of plaintiff's womb, should be excluded, inasmuch as these injuries were not among those specified in plaintiff's petition as a result of her injuries.

We find nothing prejudicial in other alleged errors complained of, but for the reasons stated it is ordered that the judgment below be reversed and the cause remanded.