ST. LOUIS, SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. MRS.
NANNIE WATTS ET AL.

No. 2819. Decided November 19, 1919.

(216 S. W., 391.)

1.—Negligence—Persons on Railway Track—Licensees.

The care required of a railway to discover and avoid injury to persons using its track as a foot-path by license from its continued usage for that purpose does not apply to one whose presence on the track has no connection with its use as such licensee. (P. 112.)

**2.—Same—Charge—Case Stated.**

One who had entered on a railway train, not as a passenger, but to see his daughter off as a passenger, and who, remaining thereon after the train started, leaped from same while in motion at the point where it crossed the tracks of defendant a half mile from the station, and was thereby left injured and helpless or unconscious on the track of defendant's road at the crossing, was, while in such condition run over and killed by a switch engine of defendant. Held, that evidence that the track of the road on which his train ran was used at the point in question as a foot-path for pedestrians did not present an issue as to the care due to those using it for such purpose as licensees, since his presence there was not due to such use or license, and charges as to the care due to persons on the track by license were inapplicable. (Pp. 111-113.)

**3.—Negligence—Persons on Track.**

The true rule is that the railway company owes a duty to use ordinary care to discover and avoid injury to persons on its track, whether trespassers or licensees; the circumstances under which he came upon the track are material only on the issue of the injured party's negligence as constituting a defense to the action for that of defendant. (P. 112.)

**4.—Negligence—Contributory Negligence—Proximate Cause.**

The negligence of one alighting from a moving passenger train and thereby so injured as to be left helpless and unconscious upon the track cannot be considered, as a matter of law, the merely remote cause of his injury by being run over by an engine while in that position. (P. 113).

**5.—Negligence—Contributory Negligence—Discovered Peril.**

Contributory negligence of plaintiff defeats any recovery for ordinary negligence by defendant except in case of the latter's negligence after actual discovery of the peril, which, in turn, defeats the defence of contributory negligence. (Pp. 113, 114.)

**6.—Same—Persons Unconscious on Track—Discovered Peril.**

Where one by his own negligence is left unconscious on a railway track, that negligence will defeat any right of recovery for failure of those operating cars thereon to use ordinary care to discover him in time to avoid injury. In the absence of any failure to use due care after discovering his position, his contributory negligence will prevent recovery for lack of due care in failing to discover him. (P. 114.)

**7.—Cases Discussed.**

Texas & Pac. Ry. Co. v. Watkins, 88 Texas, 24; Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 618; Galveston City Ry. Co. v. Hewett, 67 Texas, 479; approved and followed. Missouri, K. & T. Ry. Co. of Tex. v. Malone, 102 Texas, 273, distinguished. Texas & P. Ry. Co. v. Staggs, 90 Texas, 461; Texas & P. Ry. Co. v. Breadow, 90 Texas, 31; Morgan & Bros. v. Missouri, K. & T. Ry. Co. of Tex., 108 Texas, 334, approved and followed. (Pp. 112-114.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Bowie County

The widow and children of John C. Watts sued the railway company for causing his death and recovered judgment. Defendant appealed and on affirmance (173 S. W., 909) obtained writ of error. The case was referred to the Commission of appeals, but

was afterwards withdrawn by order of the Supreme Court and there submitted and decided.

*Glass, Estes, King & Burford, E. B. Perkins,* and *Dan Updegrove,* for plaintiff in error.

The act of Mr. Watts in alighting on the defendant's tracks in the darkness from a rapidly moving Texas & Pacific train was more than a negligent act. It was a wilful act, one not necessitated by any emergency and one which he had no legal right, without some urgent necessity, to do. It was impossible for him to know that he would not be injured. On the other hand, he should have forseen that he would have been injured and probably be rendered unconscious. The act of alighting on the track was not only a negligent act, but it is also the direct and efficient cause of his remaining on the track. His negligence, therefore, can be said to be the real cause of his injury and it was error for the trial court to refuse to either so hold, as a matter of law, or to submit the question of his negligence to the jury. Southern Ry. v. Webb, 59 L. R. A., 112; Byrne v. Wilson, 15 Ir. C. L. Rep., 332; Western Maryland Ry. v. Kahoe, 35 Atl., 90; St. Louis Ry. v. Highnote, 86 S. W., 923; Oxsher v. Railway Co., 67 S. W., 551; Smith v. Railway Co., 78 S. W., 557; Laeve v. Railway Co., 136 S. W., 1131. Mo. Pac. Ry. Co. v. Malone, 102 Texas, 273.

The evidence in this case related to pedestrians using the Texas & Pacific track and the path adjacent thereto. There is no evidence as to the use of defendant's track, except in so far as the Texas & Pacific track and the said path crosses it. Such use is not sufficient to justify a finding by the jury that the defendant's road-bed and track had been commonly used as a foot-path by the public. Missouri Pacific v. Brown, 18 S. W., 671; Missouri Pacific v. Malone, 102 Texas, 273; Laeve v. Railway Co., 136 S. W., 1131.

Since the testimony in this case related alone to the use by pedestrians of the Texas & Pacific track and a path adjacent thereto at a place where same crossed this defendant's tracks, and since Mr. Watts, when he was run over, was not a pedestrian using the Texas & Pacific tracks, the duty, such as there was, to look out for people walking along the Texas & Pacific track at the crossing and in the path, did not create the duty on the part of the employes of this defendant to look out for people who were asleep or dying on its own track. Western Maryland Ry. v. Kahoe, 35 Atl., 35; Missouri Pacific v. Cowles, 67 S. W., 1078; Smith v. Railway, 78 S. W., 556; Railway Co. v. Shiflet, 94 Texas, 131.

The court erred in holding that the evidence in this case justifies a finding by the jury that a proper lookout to discover the presence of persons and objects on the track was not kept by the appellant's employes in charge of the engine that ran over Mr. Watts. This was error, because the undisputed evidence in the case shows that

he was discovered as soon as it was possible for him to be seen and that it was then too late to avoid running over him. Missouri Pacific v. Brown, 18 S. W., 671.

The court erred in holding that those in charge of railway locomotives are under the duty at all times to exercise a proper degree of care in keeping a lookout for the purpose of discovering persons and objects in any situation on the track, and that when a failure to exercise this watchfulness results in an injury to the person on the track, a recovery can be defeated only by showing that the injured party was himself guilty of negligence which was the sole or concurring cause of the injury. This is error because the duty of keeping a lookout on the track rests upon notice actual or constructive. Missouri Pacific v. Malone, 102 Texas, 273; Laeve v. Railway Co., 136 S. W., 1131.

This crossing was not a place where the employees on the engine had to exercise that degree of care that is required at places where the track is used as a footpath by pedestrians. At best, only such care was required as must be observed over the track generally. What was done by the employees on this occasion might have been considered adequate vigilance for places along the road generally but not adequate for places where people are accustomed to walk. We cannot bring the point out more clearly than the special charge, which was requested and refused, brings it out: "If you find that the defendant's employees used such care and prudence to discover the presence of the said John C. Watts on the track and to avoid injuring him, as an ordinarily prudent person would have used to discover him under like circumstances at a place not used by licensees, then it will be your duty to return a verdict for the defendant." Mo. Pac. Ry. Co. v. Malone, 102 Texas, 273.

If the place was a highway frequented by pedestrians Mr. Watts when run over was not in the class of persons to whom such duty related. Smith v. I & G. N. Ry. Co., 78 Texas, 557; Mo. Pac. Ry. Co. v. Cowles, 67 S. W., 1078; Western Md. Ry. Co. v. Kahoe, 35 Atl., 90.

Under the undisputed evidence in the case, the employees of the defendant were not negligent.

*Horace W. Vaughan, Sam H. Smelser, R. M. Hubbard,* and *J. L. Mahaffey,* for defendant in error.—If deceased was guilty of negligence in getting off or falling off the train, defendant's servants in charge of the switch engine were still under the duty to use ordinary care to keep lookout to discover deceased upon the track, and if, by the exercise of such care after deceased had fallen upon the track, they could have discovered his presence and have avoided running over him, and negligently failed to do so, plaintiffs are entitled to recover, even if deceased was guilty of contributory negligence in getting off the train. Grand Trunk R. Co. v. Ives, 144 U.

S., 408; Inland & Seaboard Coasting Co. v. Tolson, 139 U. S., 551; Davies v. Mann, 10 M. & W., 546; Donohoe v. St. Louis etc. Ry. Co., 91 Mo., 357, 2 S. W., 424; Vicksburg etc. Ry. Co. v. Patton, 31 Miss., 156, 66 Am. Dec., 552; Deans v. Wilmington etc., R. Co., 107 N. C., 686, 22 Am. St. Rep., 902; Shearman & Redfield, on Negligence (6th ed.), secs. 99-100; McDonald v. Railway Co., 86 Texas, 13; Teakle v. San Pedro etc. Ry. Co., 90 Pac., 402, 10 L. R. A. (N. S.), 486; Herr v. St. L. etc. Ry. Co., 174 Fed., 943; Philadelphia etc. R. R. Co. v. Klutt, 148 Fed., 818; Denver etc. R. Co. v. Buffehr, 69 Pac., 582; Pickett v. Wilmington etc. R. R. Co., 117 N. C., 616, 23 S. E., 264, 30 L. R. A., 257; Bourrett v. Chicago etc. Ry. Co., 121 N. W., 380, same case on second appeal, 132 N. W., 973, 36 L. R. A., 957 (N. S.), and note. See the discussion and review of the cases in the notes in 45 L. R. A., 896 (N. S.); 38 L. R. A. 1167 (N. S.), 36 L. R. A., 957 (N. S.); 7 L. R. A., 132 (N. S.).

That deceased was not a trespasser should be readily seen when it is remembered that though he was on defendant's track he was on the right of way of the Texas & P. Ry. Co. San Antonio etc. Ry. Co. v. Gray, 95 Texas, 424; Shelby's Adm. v. Cincinnati etc. Ry. Co., 3 S. W., 157; Missouri, K. & T. Ry. Co. v. Thomas, 107 S. W., 868; S. Louis & S. F. Ry. Co. v. Miles, 79 Fed., 257.

The employees of each of said railways using said crossing were required to anticipate and use ordinary care to look out for and discover the presence at and near said crossing of all who were there transacting or in consequence of the exercise of any right incident to the transaction of any lawful business with either of said railways. St. L. S. W. Ry. Co. of Texas v. Jacobson, 66 S. W., 1111; Houston & T. C. Ry. Co. v. Brunett, 108 S. W., 404; Railway Co. v. Watkins, 88 Texas, 20; Railway Co v. Sympkins, 54 Texas, 615; Railroad Co. v. Hewitt, 67 Texas, 479.

The duty to use ordinary care to look out and discover was owing, even if deceased was a trespasser. Houston etc. Ry. Co. v. Sympkins, 54 Texas, 615; Texas etc. Ry. Co. v. Watkins, 88 Texas, 20; Texas, etc. Ry. Co. v. Phillips, 37 S. W., 620; Gulf, etc. Ry. Co. v. Burleson, 26 S. W., 1107; Railway Co. v. Hewett, 67 Texas, 479; Railway Co. v. O'Donnell, 58 Texas, 27; Missouri etc. Ry. Co. v. Hammer, 78 S. W., 708; St. Louis etc. Ry. Co. v. Bolton, 81 S. W., 123; St. Louis S. W. Ry. Co. v. Shiflet, 98 Texas, 326.

The rule of the decisions in this State requiring that the peril of the injured or deceased must have been actually discovered in order to avoid the effect of contributory negligence is not that there can be no recovery unless the peril was actually discovered, but that when the negligence of the injured or deceased was the proximate cause of his injury or death, there can be no recovery unless his peril was actually discovered in time, etc. But when, as in this case, the negligence of the injured or deceased is not in being

on the track but in having done something in consequence of which he is on the track and in peril and unable to save himself, and when notwithstanding such negligence of the injured or deceased, the injury could have been avoided by the exercise of reasonable care and prudence on the part of those operating the train, such prior negligence of the injured or deceased is not the proximate cause of the injury. Such is the principle of law which seems to have been announced by the court in the case of Hall v. Railway Co., 13 Utah, 243, 44 Pac., 1046, 57 Am. St. Rep., 726; and in the case of Shaw v. City R. R. Co., 21 Utah, 77, 59 Pac., 552; and is the principle of law stated in the instruction which the court approved, and which was involved in the question decided by the court, in the case of Thompson v. Salt Lake Rapid Transit Co., 16 Utah, 281, 52 Pac., 92, 40 L. R. A., 172, 67 Am. St. Rep., 621; and is well illustrated in Inland & Seaboard Coasting Co. v. Tolson, 139 U. S., 557, 11 Sup. Ct., 653, 36 L. Ed., 485.

The deceased, when he alighted in the dark from the moving Texas & Pacific train, was charged only by the law with the reasonable and natural consequences of his act; was charged only with such consequences as might reasonably have been contemplated by him as results thereof. He was not charged with unnatural or improbable results; was not charged with every actual result which could afterwards be traced by the line of causation to his alleged negligent act. This principle is clearly illustrated by the decisions of this court in the following cases: T. & P. Ry. Company v. Bigham, 90 Texas, 223; Brush Electric Light & Power Co. v. LeFevre, 93 Texas, 604; Neeley v. Railway Co., 96 Texas, 274; Merchants & Pl. Oil Co. v. Burns, 96 Texas, 573; Hilje v. Hettich, 95 Texas, 327.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This action was brought by defendants in error, who are the widow and children of Jno. C. Watts, against plaintiff in error, St. Louis Southwestern Railway Company of Texas, to recover damages arising from the death of Jno. C. Watts, who was run over by a switch engine of plaintiff in error, while he was lying on its track at Texarkana, where he had been thrown or had fallen, in alighting from a moving train of the Texas & Pacific Railway Company, which he had boarded as an escort of his daughter, who was a passenger.

The questions presented here require us to determine, first, what duty, with respect to the deceased, devolved on plaintiff in error; and, second, whether the defense of contributory negligence was available to plaintiff in error.

The charge of the trial court authorized the jury to find for defendants in error if they found, in substance, that Jno. C. Watts was making a use of the track, which came within plaintiff in error's implied permission, and if they found that the servants

of plaintiff in error operating the switch engine, by the exercise of ordinary care, could have discovered the presence of Jno. C. Watts on the track, and could have avoided striking him, and that plaintiff in error's servants failed to exercise such care, and that such failure was negligence, and that the death of Jno. C. Watts was caused by such negligence, and that Jno. C. Watts, on account of injuries previously received, was unable to remove himself from the track or did not realize the danger of remaining thereon.

The trial court refused to instruct the jury to find for plaintiff in error if its employees used such care to discover the presence of Jno. C. Watts on the track and to avoid injuring him, as an ordinarily prudent person would have used under like circumstances at a place not used by licensees; and, also refused to submit the defense of contributory negligence, and rendered judgment, on the jury's findings, for defendants in error, which was affirmed by the Court of Civil Appeals.

We do not think that plaintiff in error's duty to the deceased arose from its license to pedestrians to use the foot-path in crossing its track. As said by the Supreme Court of Maryland, in Western Md. R. Co. v. Kehoe, 83 Md., 434, 35 Atl., 90: "His right to use it as a crossing gave to him no right to use it for a totally different purpose; and his right to use it at all was obviously qualified by an obligation on his part to exercise proper care himself in using it; and hence his right to use it with due care gave him no right to] use it recklessly. His right was a right of transit along the highway and across the tracks, and to that extent the duty of the company to use due care not to abridge or invade that right was imperative, and carried with it the obligation to exercise that degree of diligence which might be necessary to avoid an injury to him while he was in the lawful enjoyment or pursuit of that right. This obligation of the company did not go further, or require the company to anticipate, either, that the plaintiff would be guilty of negligence in using the highway, or that he would use it, or attempt to use it, for a purpose not within the limits of his admitted right."

In Texas & P. Ry. Co. v. Watkins, 88 Texas, 24, 29 S. W., 233, the duty of railway companies, in operating engines and trains, towards persons on their tracks, regardless of the rights of such persons as licensees, was carefully expressed in the following language: "The true rule is, that it is the duty of the servants of the railroad company operating its trains to use reasonable care and caution to discover persons on its track, and a failure to use such care and caution is negligence on the part of such company, for which it is liable in damages for an injury resulting from such negligence, unless such liability is defeated by the contributory negligence of the person injured, or of the person seeking to recover for such injury, and the circumstances under which the party injured went upon the track are merely evidence upon the issue of contributory negli-

gence.  If such circumstances show that the party injured was a wrongdoer or trespasser at the time of the injury, the issue of contributory negligence is, as a general rule, established as a matter of law; but not so in all cases.  It results from the above, that it was the duty of the railroad to use ordinary or reasonable care to discover and warn defendant in error, whether she be considered a trespasser or a mere licensee, and a failure to use such care was negligence, rendering the railroad liable for such damages as resulted therefrom, unless under all the circumstances defendant in error was guilty of negligence contributing proximately to her injury.''

The rule stated is supported by the opinions in Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 618, 38 Am. Rep., 632, and Galveston City Ry. Co. v. Hewett, 67 Texas, 479, 60 Am. Rep., 32, 3 S. W., 705, and in many subsequent cases. We regard the rule as wise and salutary.  It should control in the disposition of this case.

The opinion in Missouri, K. & T. Ry. Co. of Texas v. Malone, 102 Texas, 273, 115 S. W., 1158, should not be regarded as changing the rule.  It was held in that case that Malone was not making such use of the railroad track and bridge as came within the railroad company's implied permission.  It was therefore determined that the verdict and judgment were erroneous, which were predicated on such use and the breach of a consequent duty.  It was further decided that Malone's evidence showed that he was guilty of contributory negligence as a matter of law.  Since contributory negligence defeats a recovery under the rule stated in the Watkins case, it was quite unnecessary to consider the duty which the railroad company owed to Malone independent of implied permission to him to be on the track and bridge; and, the citation of the Watkins case shows a recognition of the principles there laid down, and is quite inconsistent with an intent to overrule it.

The facts in this record require that the issue of contributory negligence on the part of the deceased be submitted to the jury.

It cannot be rightly said that the act of alighting from the passenger train had culminated when the deceased first became unconscious.  While his act must have been a proximate cause of his injury, in order to defeat a recovery herein, it cannot be said to conclusively appear that one, under all the circumstances, might not reasonably have anticipated injury from a subsequent passing train, as well as precedent immediate injury, as a natural and probable consequence of alighting from the moving train on or near a railroad track.

The law which makes contributory negligence available as a defense in an action for an injury sustained through failure on the part of railway employees, in operating an engine or cars, to exercise ordinary care to discover the person injured and to avoid the

110 Tex.—6.

infliction of injury is too well settled in this State to warrant us in departing therefrom.

In Texas & P. Ry. Co. v. Staggs, 90 Texas, 461, 39 S. W., 296, it was said: "If deceased was guilty of contributory negligence, his widow and children could not recover for failure to see him upon the track, or to discover his danger, because in such case their right of action would rest upon the negligence of the defendant, to which contributory negligence of the deceased would constitute a good defense."

At the term preceding that in which the Staggs case was decided, the Court had carefully pointed out that it was only in cases of discovered peril that the defense of contributory negligence was not permissible, Judge Denman saying that the principle depriving the party inflicting an injury of that defense "has no application in the absence of actual knowledge, on the part of the person inflicting the injury, of the peril of the party injured, in time to avoid the injury by the use of the means and agencies then at hand. If he had no such knowledge the new duty was not imposed, though it be clear that by the exercise of reasonable care he might have acquired same." Texas & P. Ry. Co. v. Breadow, 90 Texas, 31, 36 S. W., 412.

Again it is said in Morgan & Bros. v. Missouri K. & T. Ry. Co. of Texas, 108 Texas, 334, 193 S. W., 134, referring to the doctrine of discovered peril: "With us, the doctrine defeats contributory negligence on the part of the plaintiff only when the danger arising therefrom is imminent, is *actually* discovered by the defendant, and may be averted by the means at the latter's command. Texas & P. Ry. Co. v. Breadow, 90 Texas, 26, 36 S. W., 410."

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that this cause be remanded for another trial.

*Reversed and remanded.*