## WORTHAM et al. v. BULL. (No. 7376.)

Court of Civil Appeals of Texas. Austin.
June 26, 1929.

Rehearing Denied July 17, 1929.

H. S. Bonham, of Beeville, and E. R. Pedigo and Ike D. White, both of Austin, for appellants.

Woodward & Gay, of Austin, for appellee.

BLAIR, J. Appellants sued appellee for damages resulting from the death of W. B. Wortham, husband and father of appellants, occasioned by the alleged negligence of appellee in driving his automobile against deceased on a public street in Austin, knocking him down, and inflicting injuries from which he died. On the trial the verdict and judgment were for appellee; hence this appeal.

Over appellants' objection that it contained two separate and distinct ultimate issues of fact, the court submitted the following special issue: "When W. B. Wortham reached about the center of Nineteenth street, did he stop and turn his head toward the defendant's automobile, and when said automobile came within a few feet of him did he suddenly start again on his course northward across Nineteenth street and pass directly in front of defendant's automobile?"

Appellants contend that the portion of the question, "Did he stop and turn his head toward the defendant's automobile?" submits one ultimate issue of fact, and that the portion of the question, "And when said automobile came within a few feet of him did he suddenly start again on his course * * * and pass directly in front of defendant's automobile?" submits a second ultimate issue of fact. We do not sustain the contention. If the jury had only found that deceased stopped and turned his head toward defendant's automobile, the finding would not have established contributory negligence. The further finding that he then suddenly started and passed directly in front of the automobile was necessary in order to establish the contributory negligence pleaded. Therefore the issue submitted simply grouped the facts pleaded and proved by appellee as establishing contributory negligence on the part of the deceased. The law is well settled that all facts necessary to establish a cause of action or a defense thereto may be grouped and submitted in one special issue. Missouri, K. & T. R. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Gulf, C. & S. F. R. Co. v. Gorman, 112 Tex. 147, 245 S. W. 418; Fort Worth & D. C. R. Co. v. Miller, 112 Tex. 350, 247 S. W. 503. If anything, the question placed a greater and more onerous burden upon appellee than the law requires; that is, if two issues were submitted, then appellee was compelled to prove both in order to establish his defense of contributory negligence, whereas, if the question had been split in two, the proof of one of them would have established the defense.

But, conceding for the purpose of this decision that the issue should have been submitted in two issues, the error becomes harmless in view of the fact that the jury found deceased guilty of contributory negligence by their answer to special issue No. 10. It is true that this issue submitted contributory negligence in a general way, but

appellants made no objection to its submission, and from the standpoint of appellee it was sufficient. That contributory negligence on the part of deceased will defeat appellants' recovery and render harmless the error complained of is well settled. See St. Louis, S. W. Ry. Co. v. Watts, 110 Tex. 107, 216 S. W. 391; Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Crews v. Schaff (Tex. Civ. App.) 250 S. W. 749; Campbell v. Johnson (Tex. Com. App.) 290 S. W. 526; Tex. Electric Ry. v. Jones (Tex. Civ. App.) 262 S. W. 131; Behymer v. Mosher Mfg. Co. (Tex. Civ. App.) 192 S. W. 1148; Uvalde Co. v. O'Brien (Tex. Civ. App.) 265 S. W. 1083; Rule 62a. Generally speaking, the defense of contributory negligence is defeated only by the doctrine of discovered peril, which issue is not involved in this case

This same conclusion answers appellants' second and third contentions, that the court erred in refusing to submit appellants' requested special issues as to whether appellee failed to apply his brakes before his car struck deceased, and whether such failure was negligence and the proximate cause of deceased's ·death. Conceding the issues raised by the pleadings and evidence, failure to submit them was harmless, in view of the fact that deceased was found guilty of contributory negligence by the jury's answer to special issues Nos. 10, 11, and 12. If the requested issues had been submitted and found in favor of appellants, still appellants could not recover because the jury found on other issues that deceased was guilty of contributory negligence, which findings preclude any recovery, notwithstanding primary negligence on the part of appellee. See authorities last above cited.

The remaining contention is that the judgment should be set aside because the jury, in refusing to answer certain special issues submitted, together with the fact that they answered other special issues against the overwhelming weight and preponderance of the evidence, manifested an utter disregard for the evidence. The contention is not sustained. It is not contended that there was no evidence to support the verdict of the jury, but that the verdict is against the weight and preponderance of the evidence. The evidence sufficiently supports the jury's findings that appellee was not driving his automobile at a negligently dangerous rate of speed; that he did not negligently fail to sound his horn or give notice of his approach as deceased was crossing the street, and that he did not negligently fail to provide his automobile with brakes which were reasonably efficient and in reasonable working order at the time. These were the acts of negligence alleged by appellants. Likewise are the jury's findings that deceased was guilty of contributory negligence, which proximately

caused or contributed to cause his death and the resulting damages, sufficiently supported by the evidence. We think that no good purpose can be served by a detailed statement of facts surrounding this regrettable accident.

The charge that the jury refused to answer certain issues is not borne out by the record. The jury did not answer certain issues, because the court directed them not to do so in the event they answered other issues in a certain manner. The jury followed these instructions. The jury did not answer the issue submitting the amount of damages, but under their findings that deceased was guilty of contributory negligence an answer to the issue was unnecessary.

The judgment of the trial court will be affirmed.

Affirmed.