ANDERSON v. TEXAS & NEW ORLEANS
R. CO.

No. 2384.

Court of Civil Appeals of Texas. Beaumont.
Oct. 21, 1933.

Rehearing Denied Nov. 1, 1933.

Long & Strong, of Carthage, and Anderson & Lewis, of Center, for appellant.

W. I. Davis, of Center, and Roy L. Arterbury, of Houston, for appellee.

WALKER, Chief Justice.

On the 31st day of October, 1931, Otis Anderson was killed in a railroad crossing accident at Keatchie, La., in a collision between his truck, driven by his servant and in which he was riding, and one of appellee's passenger trains. This suit was filed in district court, Shelby county, Tex., by appellant, Mrs. Maud Anderson, the mother of Otis Anderson, against appellee, Texas & New Orleans Railroad Company, for damages resulting from his death. Her petition stated a good cause of action upon certain specific acts of actionable negligence which the jury found in her favor, and assessed the damages accruing to her from the death of her son at $8,000. The issue of discovered peril duly pleaded by appellant was found against her by the jury. Certain specific acts of contributory negligence pleaded by appellee against Otis Anderson, in answer to appellant's petition, were found by the jury in its favor. On the verdict, judgment was entered by the trial court against appellant and in favor of appellee that it go hence without day.

All assignments of error and propositions complaining of the refusal of the court to submit certain specific acts of negligence against appellee and of the admission of certain testimony in support of its defense that it was not guilty of actionable negligence are overruled. The verdict of the jury upon the issues submitted and found in appellant's favor were sufficient to support a judgment in her favor, but for the findings on the issue of contributory negligence. The issues thus found in appellant's favor and the testimony admitted by the court in relation thereto affected in no way the issues of discovered peril and contributory negligence and, therefore, if the court erred, as charged by these assignments, the errors were wholly immaterial.

Appellant's twenty-second, twenty-third, twenty-fourth, and twenty-fifth assignments of error, and propositions related thereto, were merely to the effect that the court erred in defining "negligence," "proximate cause," "new and independent cause," and the term "new" and the term "independent." No error of commission or omission is

suggested either by these assignments or the related propositions. Under the rule announced by the Supreme Court in Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920, these assignments and propositions cannot be considered.

■ Appellant erroneously insists that in submitting the issue of "discovered peril," the trial court should not only have submitted as was done, the actual knowledge of the operatives of the train of the perilous situation of Otis Anderson just prior to the collision, but also "what the operatives should have known in the exercise of ordinary care." Appellant has not correctly construed the law of discovered peril. The charge correctly submitted the issue. Texas & P. Railway Co. v. Breadow, 90 Tex. 26, 36 S. W. 410; Crews v. Schaff (Tex. Civ. App.) 250 S. W. 749.

■ The evidence was sufficient to convict Barton McCrary, the driver of the truck, of negligence in the following particulars which were submitted to the jury and found in appellee's favor: (a) In not looking to his left for an approaching train after he got within 160 feet of the railroad track; (b) in attempting to drive across the track ahead of the approaching train; (c) in failing to exercise ordinary care for his own safety and the safety of the other occupants of the truck as he approached the railroad track and attempted to cross it on the occasion in question; (d) in failing to listen for an approaching train as he approached the railroad track on the occasion in question. These specific acts of negligence on the part of the driver of the truck were, as a matter of law, imputed to Otis Anderson, thereby convicting him of contributory negligence. The testimony on this issue was that Otis Anderson was the owner of the truck in which he was riding at the time of the accident; he was engaged in hauling cotton seed meal for hire from Shreveport, La., to Timpson, Tex., through Keatchie; he was inexperienced in driving the truck and for that reason took Barton McCrary with him as his driver; Barton McCrary lived with Otis Anderson and worked for him on his farm and was actively engaged in helping him haul the cotton seed meal and was under the supervision of Otis Anderson, working for him and driving the truck for him, at the time of the collision; at the time of the collision Otis Anderson was sitting on the front seat of the truck with the driver, Barton McCrary. It follows that Otis Anderson was the principal and Barton McCrary merely the agent for the purpose of driving the truck. The acts of the agent were the acts of the principal and the negligence of the agent was, as a matter of law, imputed to his principal.

■ But if Otis Anderson was nothing more than a "guest" of Barton McCrary, the driver of the truck, yet he was "under the duty of exercising such care to avoid injury as would have been used under the attendant circumstances by an ordinarily prudent person." Texas Mexican Railroad Co. v. Hoy (Tex. Com. App.) 24 S.W.(2d) 18, 20; Toney v. Herman Hale Lmbr. Co. (Tex. Civ. App.) 36 S.W.(2d) 234. Under this rule of law the evidence was sufficient to support the jury's verdict, convicting Otis Anderson of contributory negligence in not looking to his left for an approaching train after he got within 160 feet of appellee's railroad track and in not listening for an approaching train as the truck in which he was riding approached the railroad track on the occasion in question.

The acts of negligence found against the driver and Otis Anderson were also found by the jury to constitute "proximate cause."

■ Appellant correctly asserts that the law does not convict one of contributory negligence merely because he failed to perform the acts submitted by the trial court in this case against the driver of the truck and Otis Anderson. But it is the law that the failure to perform such acts—or any other specific act —may, upon proper proof, constitute contributory negligence, and where such acts are pleaded specifically as acts of contributory negligence, it is the duty of the trial court to submit them to the jury, when they have support in the evidence, as was done in this case. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

■ Appellant's forty-third assignment of error is multifarious, in that, she groups as one assignment that the court erred in submitting issues fifteen to thirty-two, inclusive, embracing all the fact issues constituting appellee's defense of contributory negligence.

■ Appellant's first proposition is, "It is error to ask a witness a hypothetical question until he has first qualified as an expert concerning the matters upon which the hypothetical question is based." This proposition is nothing more than an abstract statement of the law and, therefore, presents nothing for review.

As this case was correctly tried, it is our order that the judgment of the lower court be and the same is hereby in all things affirmed.

Affirmed.