## MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS v. SANDERSON.

### No. 2388.

Court of Civil Appeals of Texas. Eastland.

July 9, 1943.

Rehearing Denied Sept. 24, 1943.

Naman, Howell & Boswell, of Waco, for appellant.

Blanton & Blanton, of Albany, and J. R. Black, of Abilene, for appellee.

FUNDERBURK, Justice.

L. E. Sanderson brought this suit against Missouri-Kansas-Texas Railroad Company of Texas to recover damages for the death of his two-year-old son, allegedly killed by the negligent operation of one of defendant's trains. There were no witnesses to the accident. Plaintiff lived just south of defendant's railroad, where the latter for some distance ran in an east-west course for a considerable distance. A foot path from plaintiff's house to his cow lot and barn crossed the track at a point a little northeast from the residence. The body was found a few feet west of the path and a foot or two from the railroad track on the north side about ten minutes after defendant's eastbound train had passed.

In a jury trial judgment awarding plaintiff recovery of $3,000 was rendered, based upon the verdict which found that defendant's employees in the operation of the train negligently failed to keep a proper lookout and which negligence was a proximate cause of the child's death. The defendant has appealed.

Two points are relied upon for a reversal of the judgment: (1) That there was no evidence that the operatives of the

train failed to keep a proper lookout, and (2) that there was no evidence that such failure, if any, to keep a proper lookout was the proximate cause of the death of plaintiff's child.

■ That the train killed the child is a fact which, if not conclusively established by the evidence, was at least abundantly supported by circumstantial evidence and found by the jury.

■ No inference is permissible that the child's death was caused by its own negligence. Only two or three months over two years of age, the child, we think, should be presumed in law to have been not chargeable with contributory negligence. Texas & N. O. R. Co. v. Brouillette, 61 Tex.Civ.App. 619, 130 S.W. 886. This fact renders most of the authorities relied upon by appellant inapplicable. If the child had been of such an age that contributory negligence, if it existed, would have been a defense, then the condition of the evidence was such that as a matter of law, no doubt, there was no more support for an inference that the death was proximately caused by defendant's negligent failure, if any, to keep a proper lookout, than that it was proximately caused by negligence of the deceased. That was the principle which ruled the decision in T. & P. R. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049, and in fact the other cases cited and relied on by the appellant.

This principle was discussed and applied in an opinion by the same great judge who wrote the opinion in the Shoemaker case, in Houston & T. C. R. Co., v. Harris, 103 Tex. 422, 128 S.W. 897, 899, as follows: "The burden being on a plaintiff to establish the *defendant's* [italics the court's] negligence, it sometimes happens, especially in actions for injuries which resulted in death, that the facts adduced leave the cause of the injury unexplained, or in doubt, so that it may as well be attributed to negligence of the injured person as to that of the defendant."

In such a situation the court went on to say: "The plaintiff should fail, not, as seems to have been assumed in some of the older cases, of which Texas & N. O. R. Co. v. Crowder, 76 Tex. [499], 500, 13 S. W. 381, is a type, because he must exclude the assumption of contributory negligence of the person injured, but because he must prove that of the person sought to be charged as a proximate cause of the injury, *which he does not do so long as he leaves his evidence equally consistent with either hypothesis."* (Italics ours.)

This court has a number of times recognized and applied this same principle. Metropolitan Casualty Ins. Co. v. Woody, Tex.Civ.App., 80 S.W.2d 771; Texas Pac. Fidelity & Surety Co. v. Hall, Tex.Civ. App., 101 S.W.2d 1050; Paris & M. P. R. Co. v. Russell, Tex.Civ.App., 104 S.W.2d 650; National Aid Life Ass'n v. Driskill, Tex.Civ.App., 138 S.W.2d 238; Shelton Motor Co. v. Higdon, Tex.Civ.App., 140 S.W.2d 905. Application of this principle is ruled out here, insofar as it may involve any possible inference of contributory negligence. It would be applicable, of course, if the condition of the evidence was such as to leave it equally inferable that the child's death was caused from something other than defendant's negligence as that it was caused by such negligence.

In Houston & T. C. R. Co. v. Sympkins, 54 Tex. 615, 38 Am.St.Rep. 632, the Supreme Court sanctioned a proposition to the effect that a railroad company in the operation of its locomotives is under a duty to exercise care to discover the possible presence of trespassers on or dangerously near its tracks. In that case the court said: "We prefer that line of decisions holding railroads bound to exercise their dangerous business with due care to avoid injury to others, as correct in principle and sound in policy, and as protecting even a trespasser who is not guilty of contributory negligence."

This has subsequently been many times re-affirmed by the Supreme Court. Texas & P. R. Co. v. O'Donnell, 58 Tex. 27; Galveston C. R. Co. v. Hewitt, 67 Tex. 473, 3 S.W. 705, 60 Am.St.Rep. 32; Gulf, C. & S. F. R. Co. v. Russell, 125 Tex. 443, 82 S.W.2d 948; St. Louis Southwestern R. Co. v. Watts, 110 Tex. 106, 216 S.W. 391; Texas & P. R. Co. v. Watkins, 88 Tex. 20, 29 S.W. 232.

The real question that arises upon the appellant's said First Point is whether there was any evidence to raise an issue upon the alleged fact that the operatives of defendant's train failed to keep a proper lookout to discover the presence of the child on, or dangerously near, the track, in front of the locomotive. In the consideration of this question, we ascribe no controlling importance to the question of whether the child was attempting to use

the pathway across the track. In fact, we think the evidence will justify, if it does not require, the assumption that the child was not in the pathway but was at some point west of it.

It is in effect contended by appellant that the only evidence to raise the issue of failure to keep a proper lookout is the evidence of circumstances tending to support the conclusion that the child was struck by the train. We have already affirmed the view that the evidence well supported the finding that the train killed the child. After careful consideration, we have reached the further conclusion that there was evidence to support the finding that the operatives of the train were not keeping a proper lookout as they approached the vicinity where the child must have been. Plaintiff's pleadings assumed, and the uncontroverted evidence established, that such operatives did not see the child. The engineer and fireman both testified as witnesses. They affirmatively supplied evidence of conditions without which it may be the evidence would have, in some particular, fallen short of raising the issue. They testified to the effect that when the train passed it was daylight. They supplied affirmative evidence that the track and all areas near the track were plainly visible. The engineer testified that he had a clear view of the track, that he was running about 30 miles per hour, that he had about the equivalent of two coaches in addition to the locomotive, that a hundred yards down the track in front of him he could see on both sides of the rail plainly, that if he had seen the child he would have stopped the train. The fireman was on the opposite side of the engine from the engineer and on the side the jury was warranted in believing the child must have been, or, at any rate, the side upon which its body was found. He testified that there were practically no weeds to prevent seeing, not sufficient to "hide the vision of anything of any size at all;" that he saw that everything was clear down the track; nothing to obstruct the view for a quarter of a mile, that there was not a thing to keep him from seeing all along the track for a quarter of a mile. (This witness testified he saw a child of about the height of the deceased standing still about a hundred feet from the track at the edge of the right-of-way, but admitted that that child could not have got to the track during the short time the train was passing. There was another child—a boy about seven years of age—supposed to have been back of the barn and out of view of the passing train, unless that was the child referred to in the fireman's testimony.)

 Under all the testimony, the jury, exercising its power to determine the weight of the evidence and the credibility of the witnesses and to make its findings in accordance with such determinations, was, we think, warranted in concluding that the child was on or very close to the track and could and would have been seen had the engineer and/or fireman been keeping a proper lookout to discover its possible presence in such position; and that since it was not seen, to have inferred that the engineer and fireman were not keeping a proper lookout. This is our conclusion upon the question presented by appellant's First Point.

 Was there evidence raising an issue upon the fact that the negligent failure of the engineer and fireman to keep a proper lookout was the proximate cause of the death of the child? Appellant argues, in effect, with some plausibility, that there was no evidence as to what part of the train, if any, struck the child and that in the absence thereof the evidence did not raise the issue that the failure to keep a proper lookout was the proximate cause. Defendant's engineer testified, as said before, that the train was running about 30 miles per hour. This may be treated as an established fact, since plaintiff also was insisting that the train, being late, was running fast. The train, in addition to the locomotive, was only about the equivalent of two railway coaches. The child was only two years and two or three months of age. The engineer and fireman, particularly the latter, supplied the information that the view down the track and along the side for a quarter of a mile was clear. The engineer said that if he had seen a child on or near the track he would have stopped, thus implying his ability to do so. It seems to us that the jury, considering all the evidence, aided by facts of common knowledge, was authorized to conclude that the failure to keep a lookout was the proximate cause of the child's death, regardless of the exact position of the child or of what part of the train struck it.

 The jury's conclusion with reference to the two matters challenged by appellant involves, as we see it, no dependency of one presumption upon another. It may be granted that the two issuable facts

involved were found as inferences. Common definitions of an inference are "a conclusion drawn by reason from premises established by proof; * * * a conclusion which, by means of data founded upon common experience, natural reason draws from facts which are proved, * * * a deduction which the trier may or may not make according to his own conclusions; a permissible deduction from the evidence; * * *" 31 C.J. p. 1181. While one presumption may not rest upon another, "it is permissible for a court or jury to draw several conclusions or presumptions of fact from the same state of circumstances." 31 C.J.S., Evidence, p. 731, § 116. See Employers' Liability Assur. Corp. v. Mills, Tex.Civ.App., 81 S.W.2d 1028; Texas Employers' Ins. Ass'n v. Shipley, Tex.Civ.App., 260 S.W. 646, 650. Under the authority of that rule we conclude that the jury was warranted in reaching their conclusions, first, that the train operatives failed to keep a proper lookout, and second, that such failure was the proximate cause of the child's death.

Having concluded that no error is shown and that the judgment should be affirmed, it is accordingly so ordered.