REEVES et al. v. SOUTHWEST FLYING SERVICE, Inc.

No. 4933.

Court of Civil Appeals of Texas. El Paso.

April 15, 1953.

Rehearing Denied May 13, 1953.

Ragsdale & Young, Dallas, for appellants.

Jones, Hardie, Grambling & Howell, El Paso, for appellee.

FRASER, Justice.

This is an appeal from the District Court of Reeves County, Texas, which is a part of the 109th Judicial District, the case being based on a collision between two airplanes. Appellant Miner was spraying the field of Dee Patrick, and while flying in a southerly direction about five feet above the ground was involved in a collision with a plane piloted by Jimmy Cowan. The Cowan plane was the property of Southwest Flying Service, Inc., the Miner plane was the property of M. D. Reeves, who had leased it to appellant Denver E. Miner. The collision happened in the air over the Patrick property. The Cowan plane had finished a run over the field adjacent to the Patrick farm and was flying at right angles to the route taken by Miner. The Cowan plane was dusting property belonging to Tom Segulia. There was a small farm or county road separating the two farms, and Cowan, who was killed in the accident, had flown across the Segulia field in an easterly direction and had crossed this road when the collision occurred over the Patrick field.

This suit was filed in the 109th Judicial District Court of Reeves County, Texas, on the 17th day of December 1951, and defendant's original answer was filed on the 3rd day of January, 1952. The case came on to be heard before the 109th Judicial District Court during the September term of such court on the 9th day of September, 1952, and on the trial of such case twenty-four special issues were submitted to the jury. The appellants herein requested certain special issues which were refused.

Thereafter, the jury returned its answers to the special issues, and the court in response to defendant's motion for judgment, entered judgment that plaintiffs take nothing, and that defendant take nothing by its cross action. The court by sustaining such motion for judgment overruled plaintiff's motion to disregard findings on certain special issues, and plaintiff's motion for judgment non obstante veredicto. The judgment of the court was entered on the 3rd day of October, 1952, and plaintiff's motion for new trial was filed subsequently on the 3rd day of October, 1952, which was on said date later overruled. Plaintiffs duly excepted to such action of the court and notice of appeal was given.

In their first point appellants complain of the action of the trial court in overruling their motion for judgment non obstante veredicto and motion for new trial. They assert that the evidence showed conclusively that plaintiff Miner was carefully performing a lawful activity in spraying his employer's crops and that defendant's pilot was at fault as a matter of law in trespassing in the usable air space above the land of plaintiff Miner's employer.

Special issue No. 8 was as follows:

"Do you find from a preponderance of the evidence that plaintiff Miner operated the plane which he was flying into the area where the accident occurred, without first seeing that such area was clear of other planes?"

The jury answered "yes" to that issue.

In answer to issue No. 9 the jury found that such was negligence, and in answer to issue No. 10 the jury found that such negligence was a proximate cause of the accident. The plaintiff himself had testified that it was the custom for a working plane to clear the area where he was to work with regard to other airplanes. Miner testified:

"Q. You also knew that under the practice and custom in effect among dusting pilots it was the duty of a plane coming into a new area, if you were dusting, to approach so you would not interfere with the pattern of the plane already working there? A. That is quite true."

Miner further testified that a plane on the right was entitled to the right of way, and also that he knew that Cowan was flying directly into the sun. The record does not show that any objection was made to these issues. Other witnesses testified that Miner did not circle this area before starting to work. Miner had testified that he had done so. The findings of the jury on these three issues, which in effect state that the negligence of Miner in failing to clear the area proximately caused the collision, charge contributory negligence on the part of plaintiff Miner. Appellant urges and cites authorities to support his theory that Cowan was a trespasser and by law responsible for the tragedy, but Miner was one of the plaintiffs here as lessee of M. D. Reeves, and the jury found in answer to the issues above quoted that he was guilty of contributory negligence. This would preclude any recovery on his part. There was ample evidence for these findings by the jury. This point is accordingly overruled. The doctrine of discovered peril was not in issue in the case. Wortham v. Bull, Tex. Civ.App., 19 S.W.2d 211 (Austin, wr. ref.); Campbell v. Johnson, Tex.Com.App., 290 S.W. 526; St. Louis S. W. Ry. Co. v. Watts, 110 Tex. 106, 107, 216 S.W. 391; Hill v. Hoeldtke, 104 Tex. 594, 142 S.W. 871, 40 L. R.A.,N.S., 672.

Appellant's second point is much the same as the first, with the exception that he charges the defendant's pilot with negligence in failing to gain altitude immediately upon leaving the field he was dusting. The jury did find that defendant's pilot was negligent in not gaining altitude, but again we are confronted with their answers to issues 8, 9 and 10, which found plaintiff guilty of contributory negligence, and further their answers to issues 18, 19 and 20 found plaintiff guilty of contributory negligence in flying his plane into the area where defendant's plane was operating, and that such negligence was a proximate cause of the accident. Plaintiff is thereby not entitled to the granting of his motions, but was precluded from recovering by the findings of the jury, for which there was ample evidence. It must be noted that we are not here attempting to assess the guilt or negligence of either party, but examining the verdict of the jury, which found both pilots at fault. This point is accordingly overruled.

Appellant's third point assigns as error the failure of the trial court to submit two special issues proffered by plaintiffs. These issues were as follows:

"(a) Do you find from a preponderance of the evidence that the pilot of defendant's plane failed to keep a proper lookout for planes in the adjacent field?

"(b) Do you find from a preponderance of the evidence that the failure of the pilot of defendant's plane to keep a proper lookout, if you have so found, was the proximate cause of the collision, if any, between the plane of defendant and plane operated by plaintiff Denver E. Miner?"

The evidence in this case points rather to the negligent failure of defendant's pilot to attain elevation immediately upon or before reaching the end of the cotton row that he was dusting. Those facts were clearly in evidence and so found by the jury. There is very little, if any, evidence other than the collision itself to warrant submission of the above issue. On the contrary, it was admitted by plaintiff Miner that he knew defendant's pilot Cowan was flying directly into the sun and that his vision was necessarily obscured. It is not thought that there was sufficient evidence to warrant the submission of an issue touching on the possible failure of pilot Cowan to keep a proper lookout. However, even if there were a failure to submit same it would not in our opinion be harmful error, because the jury had already found Cowan negligent in other matters such as promptly failing to gain altitude when he got to the end of the cotton row, but more especially because the jury also found plaintiff guilty of negligence and found that such negligence was a proximate cause of the collision. So the jury in effect found both pilots guilty of negligence. The submission, therefore, of the requested issues could at most have only added to or illustrated the negligence of Cowan, and it could have in no way destroyed or detracted from

the negligence found by the jury against plaintiff Miner, which, as has been previously pointed out, precludes him from recovery for the very familiar reason that he was guilty of contributory negligence. The jury's answers to these issues, if submitted, would not therefore have changed the verdict in any way. For these reasons it is obvious that no prejudice resulted to appellant from the failure of the trial court to submit these two issues. Wortham v. Bull, Tex.Civ.App., 19 S.W.2d 211 (Austin, wr. ref.); Campbell v. Johnson, Tex.Com. App., 290 S.W. 526.

 Appellant's fourth point complains of the admission of testimony by R. F. Cornehl, Civil Aeronautics Administration employee. This witness testified:

"Q. Assuming that a plane was dusting in an area, is it customary for any other plane approaching that area to first ascertain that its movement could be made with safety, without interfering with the operation of the first plane? A. Yes, the second pilot coming into the area under part. 60.12 C, Civil Air Regulations, that the second pilot should clear his position and determine—to determine whether he would be creating a hazard by any flights or maneuvers he would make in the area."

This testimony was objected to by appellant. His objection was overruled by the trial court. Then the witness testified:

"Q. I will ask you if under the provision of Rule 60.12, Subdivision (C) of the Civil Air Regulations it was the duty of the pilot entering an area where another pilot was working to clear his position prior to starting any maneuvers either on the ground or in flight? A. I would say yes it would be. He should clear the thing to avoid any hazard."

This question and its answer was not objected to. It will be immediately apparent that the matter objected to by appellant was immediately admitted without objection on his part. Plaintiff Miner had testified about and introduced in evidence a certificate issued by the Civil Aeronautics Administration authorizing him to operate his airplane for dusting and spraying in Texas and four other states. Miner also testified about some of the regulations of the Civil Aeronautics Administration, and that he was familiar with some of them. It would seem, therefore, that this evidence was admissable as touching on the matter of custom, or customary practice. Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445.

In any event, this was evidence relating to a matter covered by similar evidence admitted without objection, and as such was therefore harmless. Walker v. Great Atlantic & Pacific Tea Co., 131 Tex. 57, 112 S.W.2d 170.

Had the objection been sustained, substantially the same evidence went before the jury by further question and answer, as illustrated above. For these reasons this point is overruled.

All of appellant's points being overruled, and finding no error, the decision of the trial court is therefore affirmed.