**THOMPSON v. ELDER.**

No. 12601.

Court of Civil Appeals of Texas.
Galveston.

Dec. 3, 1953.

Baker, Boots, Andrews & Parish, Frank G. Harmon, Jean Dalby, Houston, and A. J. Watkins, Austin, for appellant.

Louis W. Graves, Jr., and Al C. Schlosser, Houston, for appellee.

CODY, Justice.

This is a plea of privilege case. The plaintiff (appellee here), a resident of Harris County, sued defendant (appellant), a resident of Nueces County, to recover damages for personal injuries resulting from an accident which occurred in Harris County, while plaintiff was a guest-passenger in an automobile which was being driven by defendant. The defendant filed his plea of privilege to remove the suit from the District Court of Harris County to the county of his residence, and the plaintiff seasonably filed her controverting affidavit.

For the purpose of trying the contest the parties stipulated the following facts: (1) that defendant's residence was in Nueces County, (2) that defendant was driving the automobile in Harris County on December 28, 1951, with plaintiff as his guest-passenger, when the accident occurred, and (3) that plaintiff suffered injuries as a result of such accident.

The court, trying the contest without a jury, overruled defendant's plea of privilege on the ground that venue was maintainable in Harris County as contended by plaintiff under Subdivision 9 of R.C.S. Art. 1995 (as amended in 1947), Vernon's Ann.Civ. St., reading: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, whether committed by defendant or by his agent or representative, or in the county where the defendant has his domicile."

Then, in response to defendant's request, the court filed conclusions of fact and law to the effect that the plaintiff's pleadings show her action is based on an offense and trespass committed in Harris County; that defendant was guilty of committing an offense and trespass in Harris County within the contemplation of Subdivision 9 of Article 1995; that defendant violated Section 2 of Art. 6687b (i. e., driving an automobile without a driver's license), and while so violating such Section caused plaintiff's injuries; that plaintiff was injured as a direct and proximate result of defendant's negligence, and that plaintiff proved a (sic) prima facie case as alleged in her petition. The court further concluded that plaintiff's pleadings were sufficient to sustain venue in Harris County. The defendant seasonably objected to the court's conclusions of fact and law and requested that the court make other, different and further findings and conclusions; and, so, is in position in this Court to attack all such findings and conclusions.

Defendant predicates his appeal upon seven points, the first two are to the effect that the court erred in his ruling, (1) because there was no evidence of any trespass, and (2) because under the pleadings and facts found by the trial court defendant did not commit a trespass upon plaintiff, as there is no evidence of, nor finding of, gross negligence; and in the last two points the defendant complains of the court's ruling (6) because the plaintiff's suit as shown by her petition was not based upon a crime or an offense, and (7) defendant further complains of the court's action because the failure of defendant to have a driver's license, as a matter of law, was not a proximate cause of the accident and of plaintiff's injuries. We have concluded that these points are well taken and that the court's order overruling the plea of privilege must be reversed and that the plea of privilege must be sustained and the cause ordered

transferred to the District Court of Nueces County.

Here, in order to maintain venue in Harris County under Subdivision 9 of Art. 1995 the burden was on plaintiff to prove that the defendant had in fact committed the crime, offense or trespass alleged in her petition and to prove that same was committed in Harris County. Farmers' Seed & Gin Co., Inc., v. Brooks, 125 Tex. 234, 81 S.W.2d 675, 677; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95. However, in determining venue under said Subdivision 9, it is neither necessary nor desirable for plaintiff to prove the causal connection between the injury suffered and the crime, offense or tort. Such causal connection is determined as a matter of law from the pleadings. Gann v. Murray, Tex.Sup., 246 S.W.2d 616, 619. "If it can be determined as a matter of law from the face of the pleadings that the crime alleged was not the proximate cause of the injuries alleged it would follow that plaintiffs' suit is not 'based upon' the crime alleged." Id.

As indicated above, the trial court found that defendant was guilty of committing a trespass in Harris County within the contemplation of Subdivision 9 aforesaid. We will not investigate to determine whether or not the evidence would authorize the trial court in finding that defendant was guilty of committing an act of active negligence which was a proximate cause of plaintiff's injury. This because, by force of Art. 6701b, R.C.S.1925 (as amended), plaintiff, as a guest-passenger, assumed the risk of any damages which might proximately result to her from any act of ordinary negligence committed by defendant, whether said negligence was active or passive. It follows from Art. 6701b that a host-driver does not commit any actionable negligence against a guest-passenger unless such host-driver has committed an act of gross negligence which is a proximate cause of damages sustained by the guest-passenger. Consequently, in order for a host-driver to commit a trespass against a guest-passenger within the contemplation of Subdivision 9, Art. 1995, such host-driver must have committed, within the county in which venue is sought to be maintained, an act of gross negligence resulting in damages to the guest-passenger. There was no such evidence adduced in this case nor did the trial court make any finding of gross negligence, so we must hold that the court erred in finding that the defendant was guilty of committing a trespass in Harris County within the contemplation of Subdivision 9 aforesaid. Downs v. McCampbell, Tex.Civ.App., 203 S.W.2d 302.

The sole offense that plaintiff alleged defendant committed was driving without a driver's license, in violation of Section 2 of Art. 6687b. And plaintiff in due form alleged that the commission of such offense was a proximate cause of the injuries she sustained. It was plaintiff's position, sustained by the trial court, that such formal allegation brought the case within the ruling made in Gann v. Murray, supra, and consequently that plaintiff's pleadings showed that her action was based upon an offense committed within Harris County. We consider that, as a matter of law, the mere driving of an automobile without a driver's license could not be a proximate cause of the injuries sustained by plaintiff. If plaintiff's injuries were caused by defendant's negligence, and that is a question to be determined upon a trial on the merits, such act of negligence as a matter of law could not have been the act of driving without a driver's license. Under the ruling made in Gann v. Murray the mere formal allegation of a causal connection between a violation of law in a plaintiff's petition, where it is obvious as a matter of law that the alleged violation of law could not have been a proximate cause of plaintiff's damages is insufficient. Mercer v. Wiley, Tex.Civ.App., 252 S.W.2d 984, 986.

Since the action of the trial court in overruling defendant's plea of privilege must be reversed, we will not further extend the length of this opinion by ruling upon other points urged by defendant. Defendant's plea of privilege is sustained, and the cause is ordered transferred to a district court of Nueces County.

Reversed and rendered.