## MILLER v. JONES.

### No. 14834.

Court of Civil Appeals of Texas.

Dallas.

July 2, 1954.

Rehearing Denied July 23, 1954.

Rogers & Rogers, Fred Rogers and Hubert Bookout, Sherman, for appellant.

Freeman, Wolfe, Henderson & Bryant, Sherman, for appellee.

DIXON, Chief Justice.

This is a negligence case in which appellant was plaintiff in the trial court.

On January 3, 1953 an automobile driven by appellee struck appellant, a pedestrian, at the intersection of Crockett and Houston Streets in the City of Sherman, Texas. A jury found that appellee failed to keep a proper lookout, failed to stop, and caused his car to move forward into the lane for pedestrians—each of which acts was negligence and a proximate cause of appellant's injuries. The jury also found that appellant herself was guilty of contributory negligence in that she failed to keep a lookout for appellee's automobile and she failed to stop immediately before the impact with appellee's automobile; and that her own acts of contributory negligence were proximate causes of her injuries. Judgment was accordingly rendered that appellant take nothing from appellee.

Appellant bases her appeal on two points: (1) The alleged error of the court in refusing to allow her to prove, submit issues, and argue to the jury the fact that appellee's failure to have a driver's license was negligence proximately causing appellant's injuries; and (2) the alleged error of the court in overruling her motion for new trial on the grounds of misconduct of the jury.

■ There is no question in this case of the negligent entrustment by the owner of his automobile to another person known by the car owner to be without a driver's license. Here the owner himself, lacking a driver's license, was driving his own car. Such fact is not sufficient of itself alone to cast liability on him in a civil suit for damages for personal injuries arising from his operation of his car. Thompson v. Elder, Tex.Civ.App., 263 S.W.2d 321; Ferris v. Stableford, Tex.Civ.App., 248 S.W.2d 186; Spratling v. Butler, 150 Tex. 369, 240 S.W.2d 1016, at page 1017; 29 A.L.R.2d 970.

■ Appellant's position is untenable for another reason. She was not denied a recovery because of any failure to establish appellee's negligence. The jury found appellee negligent on three different grounds with proximate cause as to each ground. It was the jury's finding of contributory negligence on her own part proximately causing her injuries, that cost appellant a recovery in the case. Because of her contributory negligence, judgment that appellant take nothing was required, regardless of whether the court was right or wrong in refusing to admit testimony, or submit issues in behalf of appellant respecting appellee's lack of a driver's license. Reeves v. Southwest Flying Service, Tex.Civ.App., 258 S.W.2d 848 (ref.n.r.e.); Anderson v. Texas & N. O. R. Co., Tex.Civ.App., 63 S.W.2d 1079. We overrule appellant's first point on appeal.

■ While the jury was deliberating this note was addressed to the Judge: "Hon. Judge Dowdy: In the event we find both the plaintiff and the defendant equally negligent can damages be awarded to plaintiff?" Signed: "L. H. Young, Foreman."

The Judge replied: "Gentlemen of the Jury: The only answer I can give you is to follow the court's charge. W. C. Dowdy, Judge."

The court's charge contained this paragraph: "Do not decide who you think should win, and then try to answer the questions accordingly. If you do that, your verdict will be worthless, and all of our time will have been wasted. Simply answer the questions as you find the facts from the evidence, without concerning yourselves about the effect of your answers."

At the hearing on appellant's motion for new trial, three of the jurors testified. From their testimony it is evident that a discussion took place in the jury room along the lines indicated by the jury's note to the Judge. But there was also testimony from each of the three jurors that in reaching their verdict, the jury was guided by the evidence. Limitations of space forbid our detailing all of this testimony. However we deem it advisable to copy short illustrative excerpts:

*Juror Young:* "Q. And the jury, in fact, answered that she did fail to keep a proper lookout, didn't they? A. Yes, sir.

"Q. And that she was negligent in failing to stop? A. Yes, sir.

"Q. And in making those answers, they were not carrying out an agreement that they were going to let her recover? A. They did all agree that she was entitled to something.

"Q. Notwithstanding that, they answered these issues against her, didn't they? A. They answered the issue, yes, sir, as it was answered.

"Q. Because that is what they thought the evidence required, didn't they? A. I am sure of that; yes, sir."

*Juror Ayres:* "Q. * * * if the jury had been trying to answer these questions so that Mrs. Miller would have recovered

beyond any doubt, they would have answered the negligence issue as to her in her favor, would they not? * * * A. I don't think that was what we were supposed to do. * * *

"Q. When you finally got through with your discussion and started to answer the questions, and particularly the questions concerning Mrs. Miller's negligence, you were answering those questions at that time, were you not, in accordance with what you thought the evidence was from the witness stand, weren't you? A. Yes. * * *

"Q. In other words, you were going to let the consequences fall wherever they might be from the answers that you made the evidence, weren't you? A. Yes, sir. * * *

"Q. Mr. Ayres, the jury answered by No. 13 that she didn't keep a proper lookout. You all meant by that, I assume, that she was not looking where she was going, and you answered that she failed to stop. Now you all thought that she did both of these things, that she ought to have looked more and she ought to have stopped, didn't you? A. Yes.

"Q. And you all thought that to that extent it was her fault that caused the accident, didn't you? A. Yes, sir."

*Juror Mercer:* "Q. And that was your verdict and everybody else that answered that question, wasn't it, that she did fail to keep a proper lookout? A. Yes.

"Q. Now if they had wanted to be sure that she would get the money they would have answered that issue the other way, wouldn't they? A. I don't know about that.

"Q. You can see that would be safer, don't you? Relieve any question about it? You can see that, can't you? A. Yes.

"Q. So in answering the questions here, weren't you trying to answer the questions according to the evidence in the case? A. We were. * * *

"Q. And while you might have thought that she would or would not get any money, that was not influencing you in answering these questions, was it? A. No."

Rule 327, T. R. C. P., provides that before a new trial will be granted on the grounds of jury misconduct it must appear to be reasonably probable that injury probably resulted to the complaining party. Speaking of jury misconduct, our Supreme Court has said, "The mere fact that the jurors discussed the fact that the issues would have to be answered in a given way if the employee was to recover is not alone sufficient to constitute misconduct of the jury. It must also appear that the jury designedly attempted to frame the answers to the issues so as to accomplish such a result." Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62, at page 64. See also Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558. We have concluded that the evidence is sufficient to support the order of the trial judge denying appellant a new trial on the grounds of jury misconduct. Appellant's second point is overruled.

Finding no reversible error in the record, we affirm the judgment of the trial court.

## On Rehearing

We were mistaken when we said in our original opinion that here the owner himself was driving his own car. Appellee was driving his father's car. But appellee's father is not a party to the suit. Therefore we were correct in concluding that there was no question in the case of negligent entrustment.

Appellant's motion for rehearing is overruled.